319. VAN WINKLE GIN & MACHINE WORKS *v.* MATHEWS *et al.*

HILL, C. J.    1. In a suit on a promissory note by the payee therein named, where the allegation is made that the plaintiff was a corporation, it would be incumbent upon the defendant to prove affirmatively that no such corporation existed. This would be true without such allegation, where the name of the plaintiff itself imports a corporation. *Wilson* v. *Sprague Mowing Machine Co.*, 55 *Ga.* 672; *Cribb* v. *Waycross Lumber Company*, 82 *Ga.* 579, 9 S. E. 426; *Mattox* v. *State*, 115 *Ga.* 219, 41 S. E. 709. Therefore, in such a suit, where the defendant in his pleading admits the execution of the note, such admission, with the presumption of corporate existence, makes a prima facie case for the plaintiff, and the defendant would be entitled to the opening and conclusion, although by his answer he had expressly denied the allegation that the plaintiff was a corporation.

2. The other grounds in the motion for a new trial, alleging error in the admission of testimony, as corrected and verified by the trial court, are without merit.                    *Judgment affirmed.*

Complaint, from city court of Jefferson—Judge Stark.    October 11, 1906.

Argued May 7,—Decided July 4, 1907.

*Ellis, Wimbish & Ellis, J. S. Ayers,* for plaintiff.

*Shackelford & Shackelford, John B. Gamble,* for defendants.