5953.   SMITH *v.* SOUTHERN SPRING BED COMPANY.

1. The refusal to exclude the testimony of an officer of the plaintiff company, that from his personal knowledge the defendant was indebted to the plaintiff in the amount of the account sued on, was not, in view of

29

other parts of his testimony, erroneous on the ground that it appeared that all that he knew about the correctness of the account was derived from books of account and other writings, and that these books and writings were the best evidence as to its correctness.

2. Exception to the refusal to grant a nonsuit will not be considered, there being also exception to the refusal to grant the defendant's motion for a new trial, in which a verdict for the plaintiff is complained of as not supported by evidence.

3. The evidence authorized the verdict.

DECIDED JUNE 11, 1915.

Complaint—appeal; from Douglas superior court—Judge Price Edwards. July 7, 1914.

*J. R. Hutcheson,* for plaintiff in error.
*Shirley Boykin,* contra.

BROYLES, J. 1. The 1st and 2d grounds of the amendment to the motion for a new trial assign error upon the admission of oral testimony by a witness for the plaintiff, as to the correctness of the account sued on. The testimony objected to was as follows: "From my personal knowledge J. Frank Smith, the defendant, is indebted to the Southern Spring Bed Company in the sum of $60.92, and that invoice represents the account." The admission of this testimony was not erroneous on the grounds assigned, to wit, "that it appeared, from the witness's own admissions, that all he knew about the correctness and justice of the account sued was derived from freight-bills, books of account of plaintiff, receipts, and other written documents; and that the entire transaction was in writing, and that the books of account and writings were the best and highest evidence of the correctness and justice of said account." The witness, E. H. Boyleston, whose testimony was objected to, testified as follows: "I am cashier for the Southern Spring Bed Company, Atlanta, Ga., and head of the credit department. From my own personal·knowledge J. Frank Smith is indebted to the Southern Spring Bed Company in the sum of $60.92; that invoice represents the account." And on cross-examination he further testified: "I get that knowledge of the amount due on this account because I billed the goods myself. I run the factory and manufactured them, see about the shipments, and the credit department. I know from the receipts I have from the railroad. They are in writing. I know it from seeing these things in the railroad every day; know that they are there·from my own personal knowledge, because I check them out and check them in. I

know it by my custom and by bookkeeping at the office. Without these things I wouldn't know it at all. These transactions are all in writing, and these receipts are in writing. This account is on my book; the book shows all about it. What I am testifying about, speaking of, is what I have read in the book and receipts and the railroad receipts."

The Civil Code, § 5769, does not say that books of account *must* be put in evidence as proof of such accounts, but provides merely that they *may* be admitted; and, as was said by this court in *Swift* v. *Oglesby,* 8 *Ga. App.* 544 (70 S. E. 97): "There is no merit in the contention that the books themselves were not produced, or their absence sufficiently accounted for. In the first place, if the testimony stated above had been secondary in its nature, and it had been necessary for the plaintiffs to show the inaccessibility of the books, we would not, under the showing actually made, overrule the exercise of discretion on the part of the trial judge in the admission of the secondary evidence. However, the rule is that the testimony of the parties who have knowledge of the facts from which the books are made up is in itself primary evidence, and the books are admissible only by way of corroboration, except in those cases where, for special reasons, books of account are by statute admitted as direct and primary evidence. While it is true that the witnesses, in referring to . . the 'account,' did not in so many words say (so far as the brief of evidence discloses) that they were talking about the same account as that sued on, still it is hardly reasonable to suppose that they were talking about any other account."

2. Error is assigned on the refusal of the court to grant a nonsuit. An exception upon this ground will not be considered by a reviewing court where, subsequently thereto, a verdict is rendered against the defendant, and in the motion for a new trial complaint is made that the verdict is contrary to the evidence and is without evidence to support it. *Atlantic Coast Line R. Co.* v. *Blalock,* 8 *Ga. App.* 44 (2), 47 (68 S. E. 743).

3. The pleadings and the evidence raised issues of fact which were determined by the jury in favor of the plaintiff. The evidence authorized the verdict; no error of law appears; and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed.*