25861. VILLA RICA MANUFACTURING COMPANY *v.* GENERAL AMERICAN LIFE INSURANCE COMPANY.

DECIDED FEBRUARY 13, 1937. REHEARING DENIED MARCH 3, 1937.

*Boykin & Boykin,* for plaintiff in error.

*Smith & Millican,* contra.

SUTTON, J. ■ Where the name of the plaintiff imports a corporation, there is a presumption that such party is a corporation, and this presumption prevails until the contrary is shown. Also, when the allegation is made that the plaintiff is a corporation, it is incumbent upon the defendant to prove affirmatively that no such corporation exists, in order to sustain a defense to this effect. The name of the plaintiff in the present case, General American Life Insurance Company, imports a coporation; and there being nothing in the record to contravert the presumption of its corporate existence, the burden in this respect was carried by the plaintiff, although the defendant in its answer expressly denied that the plaintiff was a corporation. *Van Winkle Gin & Machine Works* v. *Mathews,* 2 *Ga. App.* 249 (58 S. E. 396); *Brown Shoe Co.* v. *Crosby,* 30 *Ga.* App. 534 (2) (118 S. E. 446); *Watkins Co.* v. *Seawright,* 40 *Ga. App.* 314 (3) (149 S. E. 389); *Wilson* v. *Sprague M. M. Co.,* 55 *Ga.* 672; *Mattox* v. *State,* 115 *Ga.* 212 (7) (41 S. E. 709); *Holcomb* v. *Cable Co.,* 119 *Ga.* 466 (46 S. E. 671); *Georgia Co-operative Fire Asso.* v.

*Borchardt,* 123 *Ga.* 181, 186 (51 S. E. 429, 3 Ann. Cas. 472);
*Bland* v. *Bird,* 134 *Ga.* 74 (2b) (67 S. E. 427); *Hunnicutt* v.
*Reed,* 149 *Ga.* 803 (102 S. E. 421).

■ "As a general rule, the testimony of a person who has knowledge of the facts from which books of account are made up is as to those facts primary evidence, and is admissible, whether or not the books themselves are put in evidence." *Booth* v. *Schmoller & Mueller Piano Co.,* 32 *Ga. App.* 35 (3) (122 S. E. 636), and cit. The court did not err in admitting in evidence, over the objection of the defendant, the depositions of the plaintiff's witness, S. A. Cocklin, who testified that he was the general secretary of the General American Insurance Company, that he had supervision of issuing policies and certificates and the custody of all group insurance records; that his work included the supervision of the preparation of all group-insurance records and the computation of all premiums and billing of all group policyholders for premiums due on their respective group policies; that his duties were the same with the Missouri State Life Insurance Company (the assets of which were purchased by the General American Life Insurance Company) as with the General American Life Insurance Company, and: "This balance of $147.45 due on this policy represents unpaid premiums for a period of two and 26/31st months (2-26/31st). These months are from March 6, 1933, to April 6, 1933, from April 6, 1933, to May 6, 1933, and the period from May 6, 1933, to June 1, 1933, which is 26/31st of a month. The monthly premium due for each month amounts to $52.20, which makes a total premium for these 2-26/31st months of $148.18. When the Villa Rica Manufacturing Company paid their premiums from the period of January 6, 1933, to February 6, 1933, an overpayment of 73 cents was made. Crediting this payment against the premium of $148.18, for the period from March 6, 1933, to June 1, 1933, there is still a balance due of $147.45." The objections to this testimony were that the witness was testifying from the records and not from his personal knowledge, that the books would be the highest and best evidence, and that his evidence was irrelevant and immaterial.

■ The overruling of the defendant's demurrer on the ground that a copy of the insurance contract was not attached to the plaintiff's petition was not harmful error. The suit was on an ac-

count for group-insurance premiums alleged to be due by the defendant company. There was no allegation in the petition as to an insurance policy, but the itemized statement of the account sued on contained the names of the employees of the defendant company, the certificate numbers of their insurance, and the amount of the insurance premium due on account of each employee. We think this was sufficient for the purpose of this suit. However, if there was any error in not sustaining the special demurrer, this was cured, as the group-insurance policy was introduced in evidence by the plaintiff, without objection from the defendant (after being produced in court by the defendant under notice, according to the statement of counsel). *Cline* v. *Nelson,* 46 *Ga. App.* 600 (2), 605 (168 S. E. 70) ; *Shell Petroleum Cor.* v. *Jackson,* 47 *Ga. App.* 667, 670 (171 S. E. 171) ; *Steed* v. *Harris,* 52 *Ga. App.* 581, 582 (183 S. E. 847)..

■ The evidence introduced by the plaintiff made a prima facie case; and the defendant offering no evidence, the court properly directed a verdict for the plaintiff.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*