PETERSON *v.* LOTT *et al.*

No. 15405. FEBRUARY 21, 1946.

*E. S. Chastain, E. L. Grantham,* and *Heath & Heath,* for plaintiff.

*D. C. Sapp,* for defendants.

CANDLER, Justice. (After stating the foregoing facts.) ■ The plaintiff introduced in evidence, without objection, numerous tax receipts for State, county, and city taxes, canceled checks and drafts which he had issued for the payment of taxes, and notices of tax assessments sent to him; and he undertook to prove by parol evidence their relation to the property in controversy. Objection was made to such oral testimony on the ground that the original tax returns and assessments made would be higher and better evidence, which objection was sustained. Whatever probative value the documents may have had was to show that the land in controversy had been assessed for taxes as the plaintiff's property, and that he had paid taxes on the same. It is not contrary to the best-evidence rule that oral testimony of a fact in issue may be primary evidence thereof, although there is written evidence of the same fact, where the essential fact to be proved is neither the existence nor the contents of the writing, but the existence of the independent fact itself, to which the writing is

merely collateral or incidental. In such a situation the rule requiring production of original writings has no application. 20 Am. Jur. 366, § 405. On a question of payment, while documentary evidence as to the manner of payment, such as a receipt or canceled check, would add probative value to the proof relied on to establish the payment, the act itself is the essential fact to be shown. *Armour Fertilizer Works* v. *Dwight,* 22 *Ga. App.* 144 (95 S. E. 746). Accordingly, it was error not to admit parol evidence that the documents admitted related to assessments made and taxes paid on the land in controversy. *Hicks* v. *Hicks,* 196 *Ga.* 541 (27 S. E. 2d, 7).

■ The Code, § 3-508, expressly recognizes the right of the plaintiff to recommence his suit on the payment of costs, after he has been nonsuited on a previous action. And § 3-808 saves his right for six months as against the statute of limitations. The election and prosecution of an available remedy is a bar to the pursuit later of an inconsistent one. *Hardeman* v. *Ellis,* 162 *Ga.* 664 (135 S. E. 195). Ordinarily, matters in bar must be taken advantage of by proper plea, but when apparent on the face of the pleadings, as in this case, they may, even at the trial term, be urged by motion in the nature of a general demurrer. Code, § 81-302; *Killen* v. *Compton,* 57 *Ga.* 63. Waiver by election results where a choice is exercised between inconsistent remedies; and in such a case any decisive act of affirmance or disaffirmance, done with knowledge of the facts, determines the right of the party once and for all. *Chapple* v. *Hight,* 161 *Ga.* 629, 631 (131 S. E. 505). If it can now be said by this court that the plaintiff in his first suit elected a remedy inconsistent with the one now employed, then he is bound by that election. There is no inconsistency between different legal remedial rights, all of which are based upon a claim of title to property in the plaintiff, or all of which are based upon the affirmance of title in the defendant. *Board of Education of Glynn County* v. *Day,* 128 *Ga.* 156, 164 (57 S. E. 359). It has been said that the so-called "inconsistency of remedies" is in reality not an inconsistency between the remedies themselves, but must be taken to mean that a certain state of facts, relied on as the basis of a certain remedy, is inconsistent with and repugnant to another state of facts relied on as the basis of another remedy. If a party, therefore, invokes a remedy appro-

priate to a certain state of facts, and another remedy e₌ . ₌ appropriate to a different state of facts, his invocation of tu first remedy is an election. Two remedies are inconsistent, if the assertion of one involves the negation or repudiation of the other. 18 Am. Jur. 135, § 12. Here, both suits by the plaintiff were in ejectment for the recovery of the same land with mesne profits, and each was predicated on the proposition that he had acquired, by full payment of the purchase-money, a perfect equitable title. In the first suit, he based his right to recover on the theory that the full purchase-price for the land had been paid prior to the date of execution and delivery to him of a certain bond for title; and in the second suit, on the theory that the purchase-price was paid subsequently to the execution and delivery of the same bond for title. Counsel for the defendant in error concedes in his brief that there has been no election between inconsistent remedies, but contends that the two suits were brought on inconsistent theories. If either theory be true, the plaintiff has a perfect equitable title which will support an action in ejectment. It has been quaintly said that "truth is the goodness and virtue of pleading, as certainty is the grace and beauty of it." There is also an ancient rule, sometimes designated as "the rule of honesty in pleading," to the effect that every pleading should state only such facts as are true and capable of proof, avoiding all allegations tending to deceive the court or the adversary, or to delay the progress of the trial. Any pleading that contains material allegations of fact which are self-contradictory necessarily violates two general rules of pleading—first, in that one or the other of such allegations must be untrue; and, second, in that the two together leave it uncertain as to which of them, if either, is in fact true. The experience of ages in the administration of justice demonstrates that, in contested cases, the evidence seldom fails to show material conflicts, and ofttimes shows materially different versions of the facts in such a way that each version might constitute a good cause of action. In such a case, the careful pleader has no choice but to allege all of such contradictory versions of the same transaction, or else hazard his whole case on the one version which he thinks the evidence will most likely support, thereby facing the usual dangers of variance and nonsuit, as well as affording his adversary a possible opportunity to point out a fatal variance between the

allegations and the proof. It was this experience in the administration of justice that brought about the common-law rule permitting plaintiffs to set out several counts in one declaration, all counts being based on the same subject-matter of complaint, and each count being in some material particular contradictory of all the others. 1 Chitty 409 et seq. While the English rule as to pleading several counts has undergone great changes since May 14, 1776, the General Assembly of Georgia has not seen fit to abolish it in this State; and, under the reviving act of February 25, 1784 (Cobb's Digest 721), a plaintiff in this State may now, as at common law prior to May 14, 1776, embrace in one petition as many contradictory counts based upon the same subject-matter of complaint as he deems advisable, subject only to the general rules as to joinder of actions and to such statutory changes in matters of form as have been enacted by the General Assembly. Unquestionably, the plaintiff could have brought his first suit in two counts, alleging in separate counts each of the contradictory versions here complained of, and his petition would have been good. He elected however, to bring his petition in one count, on one version, and suffered a nonsuit. We are unable to find any law which precludes him from bringing the same action anew upon a different version, although contradictory to the first. What he may do directly may be done indirectly. Although the details of the averments in the original and renewed suits were different, in each the remedy sought was the one remedy of ejectment. Since there was no election of inconsistent remedies, the court erred in dismissing the suit.

*Judgment reversed. All the Justices concur, except Duckworth and Head, JJ., who dissent from the ruling in the first division of the opinion.*