32762.   McCONNELL *v.* SHROPSHIRE.

Decided January 6, 1950.

*Wright, Rogers, Magruder & Hoyt*, for plaintiff in error.
*Harris & Harris*, contra.

Sutton, C. J.   F. W. Shropshire sued Eli McConnell for $700 in the City Court of Floyd County.   In the original petition the plaintiff alleged that (2) on November 8, 1945, the plaintiff and the defendant made a contract whereby the defendant agreed to pay the plaintiff $25 per month after the defendant paid off a note at the First National Bank of Rome, Georgia, which the plaintiff endorsed for the defendant; and that (3) the defendant paid off the note on November 7, 1946, and owes the defendant $25 for each month since that time, a total of 28 months, but has failed and refused to pay the plaintiff anything.   The contract, as it appears from the copy attached to and made a part of the petition, was signed by McConnell, as party of the first part, and Shropshire, as party of the second part, and the statement is made therein that the party of the first part is purchasing certain described pool-room equipment and accessories for $1450.   The contract provides:   "Party of the second part agrees to furnish the said sum of $1450 to purchase said equipment with and party of the first part is to repay party of the second part the said sum at the rate of $50 per month, said debt being evidenced by a promissory note of even date herewith.   Party of the first part agrees further that after the entire amount of $1450 is

paid in full then party of the second part is to receive the sum of $25 per month until this agreement is dissolved by the parties."

The defendant orally moved to strike or dismiss the petition, whereupon the plaintiff offered an amendment, to which the defendant objected. The trial judge announced that he would sustain the motion and objections, but before actually signing an order to this effect he granted permission to the plaintiff to present his amendment in typewritten form.

In the amendment, which the plaintiff designated as count 2, it is alleged that (1) Eli McConnell is indebted to the plaintiff by reason of the facts set out therein; that (2) on or about November 8, 1945, the plaintiff signed as surety for the defendant a note for $1450, payable to the First National Bank of Rome, Georgia, and the bank furnished the money to the defendant, and the plaintiff acted as a broker in procuring the loan for the defendant, and did not furnish any of his own money to the defendant, and did not pay anything to the First National Bank for lending the money to the defendant, and has not received anything for signing the note as surety, and the defendant was not to pay the plaintiff anything until after the defendant paid the note to the bank; that (3) the defendant was procuring the money for buying pool tables and operating a pool room, and promised to pay the plaintiff $25 per month, and the plaintiff, in signing the note as surety, assumed a financial risk and responsibility for the loan; and that (4) the defendant paid the note on November 7, 1946, and owes the plaintiff $25 per month since that time, for 28 months, a total of $700, which he has failed and refused to pay.

Upon presentation of the foregoing amendment to the court the defendant renewed his oral motion and objections, and also filed a written motion to strike or dismiss, and written objections to the allowance of the amendment. The motion to strike or dismiss is on the ground that neither count of the petition sets forth a cause of action against the defendant, because the contract on which the petition is based and which is attached to the petition shows on its face that it is usurious, and the amount sued for is usurious. One of the objections to the allowance of the amendment was that the amendment set out a new and distinct cause of action.

The trial judge allowed the amendment, and overruled the motion and objections of the defendant, and the defendant excepted.

If a petition shows upon its face that the contract declared upon or the amount sued for is usurious, a plea of usury as specified by the Code, § 81-901, is unnecessary, and the defect can be reached by demurrer, or a motion or objection in the nature of a demurrer. See Code, § 81-302; *Shealy* v. *Toole,* 56 *Ga.* 210; *Peterson* v. *Lott,* 200 *Ga.* 390 (37 S. E. 2d, 358). Assuming, without deciding, that the original petition shows a contract definite enough by its terms to be capable of enforcement, but construing the petition against the pleader, as must be done on demurrer, the petition shows that the plaintiff is seeking to recover $700 for the use of $1450 loaned to the defendant, of which the defendant had the use of the whole, or some part thereof, for a year. Such a petition shows that the amount sued for is usurious, and the contract cannot be enforced to collect any amount as interest or in the nature of interest, where the same would be usurious. Code, §§ 57-101, 57-102, 57-112. If the amendment is not considered as a separate count and is construed as declaring upon the same contract as is shown by the exhibit attached to the original petition, then, under the rule of strict construction against the pleader, the exhibit would be controlling, thereby subjecting the amendment and the amended petition to the same defect as was apparent in the original petition, and the amount sued for would be usurious. But if the amendment is considered as a separate count, and it was so designated by the pleader, an attempt has been made to declare upon a new and distinct cause of action based on a contract entirely different from that shown in the original declaration, and such an amendment is not allowable where proper objection is made. Code, § 81-1303.

The defendant's objections and demurrers, in the above respects, were meritorious, and the trial judge erred in overruling them.

*Judgment reversed. Felton and Worrill, JJ., concur.*