## 46847. HURD v. JO-DO, INC.

Evans, Judge. Jo-Do, Inc., employed Gerald H. Hurd, as manager of its used-car lot. During the employment Hurd bought certain jewelry and other personalty and charged it to his employer. Hurd was allowed a drawing account on his salary. Jo-Do, Inc. sued Hurd for an "overdraw" on salary, and for payments it had made on the personalty bought by Hurd and charged to Jo-Do, Inc. Defendant Hurd denied the material allegations of the complaint, and after a trial, the jury returned a verdict for $339.33, although the original complaint sought a judgment for $740.36. The defendant appeals, enumerating error as to the following: 1. There was insufficient evidence to support the verdict and judgment. 2. Evidence as to the advance on salary was illegally admitted. 3. Defendant's motion for directed verdict was erroneously overruled. *Held:*

1. The principal complaint of the defendant is that the overdraw amounted to a mere gratuity; and thus the evidence is insufficient to support the verdict, and that he was entitled to a directed verdict on the payroll account, citing *Duncan v. E. H. Cone, Inc.,* 16 Ga. App. 253 (85 SE 203). The evidence before the court was that the consideration for the employment was a monthly salary, plus 50% of the net profits of the used-car lot, and that defendant was permitted to draw against the anticipated net profits, and that he had overdrawn the amount due him. The account also involved the purchase of jewelry at wholesale by the defendant, which was charged to another corporate entity, and thereafter placed on the books of Jo-Do, Inc., upon the defendant's agreement to pay Jo-Do, Inc. therefor. The bill of account also disclosed numerous other small transactions. The jury returned a verdict for approximately one-half of the sum sought, and the evidence is sufficient to support the verdict. This court has no way of ascertaining the various calculations used by the jury in arriving at its verdict.

None of the errors which involve the sufficiency of the evidence is meritorious.

2. The defendant complains that on the trial plaintiff failed to prove his case by the highest and best evidence, which he contends were the books of the company, payments by check and other business records of the company. The court properly allowed oral testimony in evidence as that testimony showed that these transactions were brought to the defendant's attention, and, according to the witness testifying, he not only failed to deny them, but he stated he would pay for them, and the record further shows he was paying on the account. If the defendant had wanted to contest this matter he could have subpoenaed the documents he claims were not produced. The account itself was admitted in evidence; hence there is no error in allowing the testimony here. *Harper v. Hammond & Sons,* 13 Ga. App. 238 (3) (79 SE 44); *Smith v. Southern Spring Bed Co.,* 16 Ga. App. 449, 451 (85 SE 612); *Booth v. Schmoller & Mueller Piano Co.,* 32 Ga. App. 35 (3) (122 SE 636); *Villa Rica Mfg. Co. v. Gen. American Life Ins. Co.,* 55 Ga. App. 328 (2) (190 SE 49); *Atlantic C. L. R. Co. v. Grimes,* 99 Ga. App. 774 (2) (109 SE2d 890); *Hicks v. Hicks,* 196 Ga. 541 (3) (27 SE2d 7); *Mallette v. Mallette,* 220 Ga. 401 (2) (139 SE2d 322). None of the other enumerations of error is meritorious.

*Judgment affirmed. Bell, C. J., and Eberhardt, J., concur.*

SUBMITTED JANUARY 4, 1972—DECIDED JANUARY 27, 1972.

*Preston L. Holland,* for appellant.
*Albert B. Wallace,* for appellee.