## 54019. KLEM v. SOUTHEAST CERAMICS, INC.

QUILLIAN, Presiding Judge.

Appeal was taken from a judgment entered pursuant to a directed verdict for the plaintiff. The sole issue raised by the defendant is that the trial judge erroneously excluded evidence offered by him in support of his

counterclaim. The defendant offered to testify, of his own personal knowledge, as to certain expenses incurred in replacing defective tile. This evidence was excluded on the basis that the records of such transaction would be the highest and best evidence. *Held:*

We reverse. "The best evidence rule does not preclude the admission of testimony, where the essential fact to be proved is neither the existence nor the contents of the writing, but the existence of an independent fact, to which the writing is merely collateral or incidental." *Mallette v. Mallette,* 220 Ga. 401 (2) (139 SE2d 322). Accord, *Peterson v. Lott,* 200 Ga. 390, 392 (37 SE2d 358). In discussing the admissibility of oral testimony regarding written books of account, this court has held: "As a general rule, the testimony of a person who has knowledge of the facts from which books of account are made up is as to those facts primary evidence, and is admissible, whether or not the books themselves are put in evidence." *Booth v. Schmoller & Mueller Piano Co.,* 32 Ga. App. 35 (3) (122 SE 636). Accord, *Smith v. Southern Spring Bed Co.,* 16 Ga. App. 449, 451 (85 SE 612); *Dixon v. Sol Loeb Co.,* 31 Ga. App. 165 (9) (120 SE 31); *Villa Rica Mfg. Co. v. General America Life Ins. Co.,* 55 Ga. App. 328, 329 (2) (190 SE 49); *Van Gundy v. Wilson,* 84 Ga. App. 429, 434 (3) (66 SE2d 93); *Harrison v. Lawhorne,* 130 Ga. App. 314 (1) (203 SE2d 292).

In *Hicks v. Hicks,* 196 Ga. 541 (3) (27 SE2d 7), the Supreme Court found no error "in admitting testimony that the decedent had paid taxes on the disputed land, over objection that the 'tax returns' were 'higher and better evidence,' since on the question of such payment the act itself rather than the manner of payment was the essential fact, and on that question either oral testimony or a writing to show payment, such as a receipt or check, would be admissible." Accord, *Daniel v. Johnson,* 29 Ga. 207.

The evidence proffered was admissible and it was error to exclude it.

*Judgment reversed. Shulman and Banke, JJ., concur.*

SUBMITTED JUNE 8, 1977 — DECIDED JUNE 21, 1977.

*Joseph H. King, Jr.,* for appellant.
*Neal L. Heimanson,* for appellee.