## 66657. SHANNON v. TORONTO-DOMINION BANK.

BANKE, Judge.

This appeal follows a directed verdict in favor of the appellee, a Canadian bank, in a suit to recover a debt secured by appellant Shannon's personal guaranty. *Held:*

1. The appellant contends that the trial court erred in denying his motion for a continuance after ruling that Canadian law would be applicable in the trial of the case. He also complains that a pre-trial conference concerning the applicability of Canadian law was called without sufficient notice.

Pursuant to OCGA § 9-11-43 (c) (Code Ann. § 81A-143), "[a] party who intends to raise an issue concerning the law of another state or of a foreign country shall give notice in his pleadings or other reasonable written notice." The appellee filed a notice of its intent to rely on Canadian law some two weeks before the pre-trial conference. We find this a sufficient compliance with the statute. As for the contention that the pre-trial conference was held without sufficient notice, it does not appear from the record that any such objection was made at the time of the conference. Furthermore, we find no indication that any distinction between the law of Georgia and that of Ontario was pertinent to any issue in the case.

2. During the trial, appellant objected to several exhibits admitted to prove the terms of the guaranty agreement, contending that the documents were inadmissible due to lack of sufficient foundation. The documents were identified by an officer of the bank whose testimony provided, in all respects, the required foundation for business records set forth in OCGA § 24-3-14 (Code Ann. § 38-711). This enumeration of error is without merit.

3. The appellee established the amount of the debt in controversy through the testimony of one of its officers, who was responsible for supervision of the account. The appellant contends that such testimony, though undisputed, is insufficient to sustain the verdict. We disagree. "In discussing the admissibility of oral testimony regarding written books of account, this court has held: 'As a general rule, the testimony of a person who has knowledge of the facts from which books of account are made up is as to those facts primary evidence, and is admissible, whether or not the books themselves are put in evidence.' " *Klem v. Southeast Ceramics, Inc.,* 142 Ga. App 610, 611 (236 SE2d 694) (1977). The evidence was both admissible and sufficient.

4. After judgment was entered and before the notice of appeal to this court was filed, the appellee filed interrogatories in aid of the execution of its judgment. Subsequently, the trial court granted a

motion by the appellee to compel answers to these interrogatories, over the appellant's objection that the number of interrogatories exceeds that authorized by the CPA. See OCGA § 9-11-33 (Code Ann. § 81A-133). This court subsequently issued an order staying any further such discovery pending our decision on the appeal. We now determine the trial court was authorized to determine that the number of interrogatories, including sub-parts, was within the number authorized by the statute. This enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 15, 1983 —
REHEARING DENIED OCTOBER 4, 1983.

*James B. Gurley,* for appellant.
*Michael L. Chapman, Frank M. Hull,* for appellee.