A99A0224, A99A0225. EMMETT v. REGIONS BANK (two cases).
(518 SE2d 472)

BARNES, Judge.

Nolan Emmett, the executor of the estates of Gilbert Lee Cabbage and Florence Irene Cabbage, and Claude Richard Emmett, co-executor of Mrs. Cabbage's estate, sued Regions Bank. The Emmetts asserted that the bank improperly cashed certificates of deposit ("CDs") and a savings account that were jointly held by Mr. and Mrs. Cabbage, and failed to pay the proceeds of Mr. Cabbage's IRA to Mrs. Cabbage.

The bank deposited the proceeds of the IRA into the court registry and moved to interplead Mr. Cabbage's daughter, Brenda Hayes. The disposition of those funds remains pending in the trial court and is not before this court.

The trial court granted summary judgment to the bank as to the CDs and the savings account in both actions. The Emmetts appeal, alleging the court erred in denying their motions to compel and strike, and in granting partial summary judgment to the bank. For the reasons that follow, we affirm.

Mr. and Mrs. Cabbage had been married for approximately 40 years, and each had two children by previous marriages. They jointly held a checking account, a savings account, and two CDs with Regions Bank. Mr. Cabbage also held an IRA and a third CD jointly with Hayes at Regions Bank.

In June 1996, Mrs. Cabbage was diagnosed with pancreatic cancer and a few weeks later she entered a nursing home. On June 17, 1996, Regions Bank transferred approximately $30,000 from the

couple's joint savings account into a new account held by Mr. Cabbage and Hayes. On that date the bank also cashed the two CDs held by Mr. and Mrs. Cabbage, worth approximately $14,000 and $25,000, and opened two new CDs held by Mr. Cabbage and Hayes. On June 21, 1996, Hayes transferred the assets listed above into other accounts in her name. On June 24, 1996, Mr. Cabbage died, and Nolan Emmett was appointed executor of his will. On August 26, 1996, Mrs. Cabbage died, and Nolan and Claud Richard Emmett were appointed co-executors of her will.

1. The Emmetts first argue that the trial court erred in denying their motion to compel Regions Bank to produce certain documents. We review the trial court's ruling on discovery matters for abuse of discretion. *Mixon v. City of Warner Robins,* 214 Ga. App. 519 (2) (448 SE2d 377) (1994). The Emmetts sought, among other things, a copy of the debit memo withdrawing more than $30,000 from Mr. and Mrs. Cabbage's joint savings account and copies of all checks written on the checking and savings accounts for April through July of 1996. Regions Bank responded to the motion by producing copies of some of the items requested, but not all, indicating that some items could not be found, such as the debit memo showing the savings account withdrawal. Regions Bank also submitted affidavits by its bookkeeping supervisor and two bookkeeping clerks, swearing they had searched for the requested documents but that some of them could not be found.

In denying the motion to compel, the trial court noted that Regions Bank stated that the only evidence it had regarding the transactions at issue were computer records, which it had produced. Pretermitting the issue of whether the bank *should* have kept copies of these transactions for seven years, as the Emmetts argue, the bank showed that it did not have certain copies in its possession. Therefore, we find the trial court did not abuse its discretion in denying the motion to compel the bank to produce documents it did not have.

2. The Emmetts next argue that the trial court erred in denying their motion to strike affidavits submitted by Regions Bank and to strike Hayes' deposition. The Emmetts contend that the affidavits of the teller who waited on Mr. Cabbage and Hayes on June 17, 1996, and of the vice president who explained the computer-generated documents showing the history of the account and CDs should be struck because they did not specifically state they were made of the affiants' own knowledge.

OCGA § 9-11-56 (e) provides that affidavits supporting a summary judgment motion "shall be made on personal knowledge." However, the affidavits need not expressly state that they are based on personal knowledge if they clearly reflect that their contents were

rooted in the affiant's "personal knowledge and observation." *Edwards v. Campbell Taggart Banking Cos.*, 219 Ga. App. 806, 808 (2) (466 SE2d 911) (1996). Here, Rhodes' affidavit stated that:

> Mr. Gilbert Cabbage and Mrs. Brenda Hayes, customers of Regions Bank, were personally known to me. . . . Mr. Cabbage and his daughter, Brenda Hayes, came into the Bank on June 17, 1996. Mr. Cabbage cashed in two CD's that were in the name of Gilbert Cabbage/Florence Cabbage. Two new CD's were opened that same day in the name of Gilbert Cabbage or Brenda Sue Hayes.

It is clear from the affidavit that Rhodes made the statements from her personal knowledge.

Further, contrary to appellants' representation in their briefs, the Regions Bank vice-president swears in his affidavit that it is "based on personal knowledge." The trial court did not abuse its discretion in denying the Emmetts' motion to strike the affidavits based on lack of personal knowledge.

3. The Emmetts next contend that the trial court erred in denying their motion to strike Hayes' deposition because she had been impeached during her testimony. The trial court did not explicitly rule on this ground of the Emmetts' motion to strike. However, none of the cases cited by the appellants supports the proposition that a trial court should strike a deposition when the deponent is impeached. Further, Hayes' allegedly impeaching statement, her admission that she falsely swore her father's estate was not in probate in order to gain title to his car, does not address whether Regions Bank had authority to transfer the assets at issue here. Finally, Regions Bank argues that, even if Hayes' deposition were struck, the bank teller's affidavit conclusively establishes that Mr. Cabbage authorized the transactions at issue. We find no support for the conclusion that a trial court should strike deposition testimony when the deponent is allegedly impeached during the deposition, and hold the trial court did not abuse its discretion in denying the Emmetts' motion to strike Hayes' deposition.

4. Appellants also argue that the trial court should have struck these affidavits and Hayes' deposition because the "best evidence" of the transactions at issue would be the CDs themselves and debit memos or checks showing the fund withdrawals. OCGA § 24-5-4 (a) provides that "[t]he best evidence which exists of a writing sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for." However, the Emmetts do not question that the CDs existed, or that a large sum of money was withdrawn from the sav-

ings account; they question whether the transactions were properly authorized.

> It is not contrary to the best-evidence rule that oral testimony of a fact in issue may be primary evidence thereof, although there is written evidence of the same fact, where the essential fact to be proved is neither the existence nor the contents of the writing, but the existence of the independent fact itself, to which the writing is merely collateral or incidental. In such a situation the rule requiring production of original writings has no application.

*Peterson v. Lott*, 200 Ga. 390, 392-393 (1) (37 SE2d 358) (1946). See *Michaels v. Kroger Co.*, 172 Ga. App. 280, 284 (1) (322 SE2d 903) (1984) (error in excluding evidence of plaintiff's earnings on the ground that best evidence would be income tax returns or W-2).

Since the Emmetts do not seek to prove the existence of the documents, the best evidence rule does not apply. The trial judge did not err in denying the motion to strike the affidavits of Regions Bank's teller and vice-president on the ground that they were not the "best evidence" of the transactions at issue.

5. The Emmetts assert the trial court erred in implicitly holding that Regions Bank did not have to retain original certificates and withdrawal slips, arguing that OCGA § 7-1-910 requires banks to maintain certain records. That Code section, however, applies to currency transactions and is not applicable to the case at bar. Further, the provision of Regions Bank's customer agreement cited by the Emmetts applies to "check retention accounts," and appellants made no showing that the savings account at issue fit that description.

OCGA § 7-1-63 (c), cited by the Emmetts, concerns the retention of records by financial institutions, and provides that "[a]ny copy of a record . . . , including legible products of computer operations, shall be admissible in evidence as though it were the original." Further, the Emmetts cite 12 USC § 1829b, which provides that where the Secretary of the United States Treasury determines that maintaining records is useful for criminal, tax, or regulatory proceedings, he shall prescribe regulations to carry out those purposes. However, the section does not address whether banks must maintain originals or copies of CDs or withdrawal slips. Finally, 12 USC § 1730d, which the Emmetts cite in support of their argument that the trial court erred in ruling that Regions Bank did not have to retain original certificates and withdrawal slips, has been repealed.

Finally, Ga. Comp. Rules & Regs. Rule 80-10-1 specifies minimum retention periods for CDs and savings account deposit tickets, as the Emmetts argue. However, Ga. Comp. Rules & Regs. Rule 80-

10-1.02 (2) specifies that printouts of electronic data processing records concerning the withdrawal and deposit transactions that contain "essentially the same information as the conventional records . . . may be retained in lieu of the records listed." The trial court found that Regions Bank had produced such computer records. We find that the trial court did not err in ruling that Regions Bank was not required to retain original certificates and withdrawal slips.

6. Finally, the Emmetts enumerate several errors concerning the trial court's findings, all of which relate to the issue of whether the trial court erred in granting summary judgment to Regions Bank.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the non-moving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c).

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). One essential element of the Emmetts' complaints is that Regions Bank allowed the withdrawal of substantially all the funds from the joint savings account and of all funds from three CDs "without proper authorization or authority of either Gilbert L. Cabbage or Florence Irene Cabbage." To refute that element, Regions Bank points to the affidavit of the teller who averred that she waited on Mr. Cabbage and Hayes on June 17, 1996; that Mr. Cabbage cashed two CDs that were in his name and Mrs. Cabbage's; and that Mr. Cabbage opened a new savings account in his and Hayes' names. Hayes testified in deposition that she and Mr. Cabbage went to Regions Bank on June 17, 1996; that Mr. Cabbage told the teller he wanted "Florence's name taken off [two CDs] and [Hayes'] name put on," and that Mr. Cabbage signed whatever the bank teller asked him to sign.

Ample evidence exists to show Mr. Cabbage was an account holder on the savings account and all three CDs. That evidence includes a Regions Bank vice-president's affidavit tracing the Cabbages' checking and savings account from the time they were first opened with First National Bank of Gainesville ("FNB"), through FNB's merger with Regions Bank, to the present. That affidavit also traces the history of a CD worth approximately $20,000 held by Mr. Cabbage and Hayes, first purchased in August 1995. A Regions Bank teller swore by affidavit that the other two CDs at issue, one for $14,000 and the other for $25,000, jointly belonged to Mr. and Mrs. Cabbage.

The bank's customer service agreement provides that, on multi-party accounts, each party listed can close the account and receive

the balance of funds on deposit. OCGA § 7-1-816 provides that "Any multiple-party account may be paid, on request, to any one or more of the parties." Appellants' assertion in their brief that "both the signatures of Gilbert Cabbage and Florence Cabbage would be necessary to transfer the funds" is not supported by anything in the record. The bank teller averred that Mr. Cabbage directed her in person to close the savings account held jointly with his wife and open a new one jointly with his daughter, and further cashed two of the CDs and opened two new CDs in his and Hayes' names.

The Emmetts object to two additional trial court rulings: that Mr. Cabbage added Hayes to the savings account on June 17, 1996, and that two signature cards showed authorized account holders. However, even without those rulings, Regions Bank showed that no genuine issue of material fact exists regarding Mr. Cabbage's ownership interest in the savings account and CDs or his authority to transfer the funds on June 17, 1996. The burden thus shifted to the Emmetts to "point to specific evidence giving rise to a triable issue." *Lau's Corp.*, supra, 261 Ga. at 491.

In response, the Emmetts produced Claud Richard Emmett's affidavit in which he avers that on June 19, 1996, he went to Regions Bank with Mrs. Cabbage's power of attorney to inquire after her accounts. He said employees told him that they could not give him any information about the three CDs because they were registered solely to Mr. Cabbage, and told him the savings account had been cashed in on June 17, 1996. The trial court properly concluded that, even viewed in the light most favorable to the Emmetts, this affidavit asserting that Regions Bank refused to give information to a representative of someone not a party to the accounts does not give rise to a question of fact.

After reviewing the record, we conclude that the trial court did not err in granting summary judgment to Regions Bank on the Emmetts' claims regarding the savings account and the three CDs.

7. Regions Bank's motion for imposition of frivolous appeal penalties is denied.

*Judgments affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 26, 1999 —
RECONSIDERATION DENIED JUNE 8, 1999 — CERT. APPLIED FOR.

*Edmund A. Waller*, for appellant.
*Stewart, Melvin & Frost, Frank Armstrong III*, for appellee.