**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY, and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 26, 2015**

# In the Court of Appeals of Georgia

A15A0713. MCCOY v. THE STATE.

BARNES, Presiding Judge.

Following a jury trial, Everton McCoy was convicted of armed robbery, fleeing or attempting to elude a police officer, and obstruction of an officer.[1] McCoy filed a motion for new trial, which the trial court denied, and he now appeals from that order. On appeal, McCoy contends that the trial court erred in admitting a prior bad act that was dissimilar to the charged crime and for which there was only a highly prejudicial identification of McCoy as the perpetrator. Upon our review, and for the reasons that follow, we affirm the trial court's order denying McCoy's motion for new trial.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the appellant is no longer entitled to the presumption of innocence. *Newsome v. State*, 324 Ga. App. 665 (751 SE2d 474)

---

[1] Mccoy was found not guilty of two counts of theft by receiving stolen property, hit and run, and Violation of the Georgia Controlled Substances Act (VGCSA).

(2013). We neither weigh the evidence nor assess the credibility of the witnesses, but determine only whether the evidence authorized the jury to find the appellant guilty of the crimes charged beyond a reasonable doubt. *Byrd v. State*, 325 Ga. App. 24 (752 SE2d 84) (2013).

So viewed, the evidence shows that on December 26, 2011, the victim was changing a tire on his sister's car when he was approached by a man who brandished a gun at him and demanded money. The robber took the victim's wallet, which contained $500 in cash and a bank card, his cell phone, and his keys. After the robber hurriedly walked away, the victim retrieved his cell phone and keys, which the robber had discarded nearby, called 911, and got into his car to follow the Honda Civic in which the robber was traveling and which was determined to be stolen. The victim followed the car, and stayed on his cell phone with the 911 operator until two patrol cars took up the pursuit of the robber's vehicle. The ensuing high-speed chase lasted approximately four minutes until the vehicle crashed, and the robber, still holding his gun and later identified as McCoy, and his accomplice ran from the scene. The men split up as they ran away. Police captured one of the men, who was identified as McCoy's cousin, Damario, but McCoy escaped. One of the pursuing officers later identified McCoy from a photograph in the lead detective's office. McCoy and

Damario were indicted as co-defendants for armed robbery, two counts of theft by receiving stolen property, hit and run, violation of the Georgia Controlled Substances Act, fleeing or attempting to elude a police officer, and obstruction of an officer.[2]

During the trial, Damario testified that he drove the stolen car to the apartment complex to sell marijuana, and that when they arrived at the complex, McCoy got out of the car. He further testified that when McCoy got back into the car he told Damario that, "I had to get him," and that after the ensuing "chaos" he assumed "those words meant that [McCoy] robbed somebody." Damario also testified that he saw the handle of what he believed to be a gun in McCoy's hand.

On appeal, McCoy contends that the trial court erred in admitting evidence of a prior bad act under OCGA § 24-4-404 (b). He maintains that the trial court erred in admitting evidence of a Florida robbery because it was too dissimilar to the case-in-chief and based upon a highly prejudicial in-court identification of McCoy. We disagree.

---

[2] Damario McCoy pled guilty to robbery, two counts of theft by receiving stolen property, fleeing or attempting to elude a police officer, obstruction, and misdemeanor possession of marijuana.

Because McCoy's trial was held after January 1, 2013, Georgia's new Evidence Code controls the admission of similar transaction evidence. OCGA § 24-4-404 (b) of the new Code provides that:

> Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Furthermore, under OCGA § 24-4-403, "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "We review a trial court's evidentiary rulings under an abuse of discretion standard of review. . . . [H]owever, we accept a trial court's factual findings unless they are clearly erroneous. . . ." (Citations and punctuation omitted.) *Reed v. State*, 291 Ga. 10, 14 (3) (727 SE2d 112) (2012).

The State introduced evidence that on June 12, 2011, in Ocala, Florida, McCoy jumped into a car, put a gun to the victim's head, ordered the victim to drive before stopping the car, robbing the victim of his wallet, and driving off in the victim's car.

The victim identified McCoy in court as the robber. Three days later, on June 15, 2011, a Hillsborough County Florida sheriff's deputy stopped McCoy, who was driving a Chevy Tahoe that had been stolen in Marietta on June 10, 2011. McCoy fled from the car, but was later apprehended. The officer who stopped McCoy identified him in court. The Marietta victim testified that she was carjacked at a Marietta Target parking lot and that her Tahoe was taken but later recovered in Florida. The State stipulated that it had no evidence that McCoy had committed the Marietta carjacking and that the victim had identified another man as the perpetrator. The trial court admitted the evidence over McCoy's objection to show intent and knowledge.

Our courts apply a three-part test to determine the admissibility of evidence of other crimes and acts pursuant to OCGA § 24-4-404 (b):

> (1) the evidence must be relevant to an issue other than defendant's character; (2) the probative value must not be substantially outweighed by its undue prejudice; (3) the government must offer sufficient proof so that the jury could find that defendant committed the act.

(Citation and footnote omitted.) *Bradshaw v. State*, 296 Ga. 650, 656 (3) (769 SE2d 892) (2015).

Regarding the first prong, the admission of the similar transaction evidence to establish intent and knowledge, "a defendant who enters a not-guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by … Rule 404 (b) evidence absent affirmative steps by the defendant to remove intent as an issue." (Punctuation and footnote omitted.) *Curry v. State*, 330 Ga. App. 610, 614 (1) (768 SE2d 791) (2015). McCoy did not employ any affirmative steps to remove intent as an issue, and thus the trial court did not err in finding that the similar transaction was admissible to show intent.[3]

Although McCoy contends that the second prong of the similar transaction test was not met in that the in-court identification by the similar transaction victim was too prejudicial and thus could not be used to find that he committed the act, the victim's in-court identification of appellant was based upon the fact that he had observed McCoy at close range during the carjacking and robbery. [A] witness's in-court identification is admissible if it has an independent origin." *Doublette v. State*, 278 Ga. App. 746, 749 (1) (629 SE2d 602) (2006). See *Jennings v. State*, 277 Ga. App. 159, 162-163 (3) (626 SE2d 155) (2006) (victim's testimony about crime and

---

[3] Because the similar transaction evidence was admissible for the permissible purpose of showing intent, we need not address the trial court's findings that it was also admissible to show knowledge. *Curry*, 330 Ga. App. at 615 (1), n. 11.

in-court identification of defendant as perpetrator sufficient to establish that defendant committed independent act).

We are also satisfied that the trial court did not abuse its discretion in determining that the probative value of evidence of the Florida crime, was not substantially outweighed by its prejudicial effect. This determination "calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *Bradshaw*, 296 Ga. at 657-658 (3). Here, "[t]he similarity between the . . . crimes and the facts relating thereto make the former [act] highly probative of the [McCoy's] intent." *U.S. v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005). The trial court instructed the jury that the similar transaction evidence should be considered for the limited purpose of showing McCoy's knowledge and intent and for no other purpose, and "the risk of undue prejudice to [McCoy] was reduced by the court's limiting instruction." Id. Given the circumstances, we cannot say that the trial court abused its discretion in finding that the probative value of the similar transaction evidence was not substantially outweighed by its prejudicial effect.

Moreover, it is axiomatic that

> harm, as well as error, must be shown for the improper admission of similar transaction evidence to justify reversal of a conviction. If it is highly unlikely that admission of the similar transaction evidence contributed to the verdict, then admission of the evidence is harmless.

(Citation omitted.) *Bright v. State*, 314 Ga. App. 589, 594 (1) (b) (725 SE2d 327) (2012). In light of the evidence establishing McCoy's guilt, including the pursuing officer's identification, "we simply cannot conclude it highly probable that [the similar transaction evidence ]. . . contributed to the guilty verdict on the . . . charges at issue [in this case]." *Mangum v. State*, 308 Ga. App. 84, 88-89 (2) (706 SE2d 612) (2011).

> *Judgment affirmed. Ray and McMillian, JJ., concur.*

8