**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 11, 2019**

# In the Court of Appeals of Georgia

A18A1710. ALMEDA v. THE STATE.                           GS-054C

GOSS, Judge.

We granted Jaylen Almeda's application for a discretionary appeal in order to consider whether the trial court erred when it revoked his probation because the State did not tender the best evidence, consisting of a plea transcript and recordings, of statements implicating him and because the State did not prove by a preponderance of the evidence that Almeda violated the special conditions of his probation. We find no error and affirm.

OCGA § 42-8-34.1 (b) provides that a trial court "may not revoke any part of any probated or suspended sentence unless the defendant admits the violation as alleged or unless the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation or violations alleged." "[I]f some of the

allegations regarding revocation are supported by admissible evidence," a trial court's decision to revoke probation "will be affirmed" as within the court's discretion. (Citation omitted.) *Couch v. State*, 246 Ga. App. 106, 107 (2) (539 SE2d 609) (2000).

Thus viewed in favor of the trial court's judgment, the record shows that in May 2016, Almeda and Armani Breazeale were indicted for robbery by force and theft by taking in connection with a December 2015 robbery. Almeda was also indicted for battery and obstruction of an officer. On September 6, 2016, Almeda and the State agreed at a plea hearing that Almeda would cooperate in finding a third person involved in the crimes in exchange for a sentence of 12 years with 3 to serve in prison. After Almeda pled guilty, the trial court sentenced Almeda to the negotiated sentence and imposed special conditions of probation including "truthful testimony" and "cooperat[ion] with the investigation of the case." The special conditions of Almeda's probation included that he "shall testify fully and truthfully as to all circumstances of this case and any related matters" and "*shall cooperate with police in the investigation of this case.*" (Emphasis in original.)

After the pronouncement of his sentence, Almeda testified that he and Breazeale were a couple at the time of the crime; that they argued on the night in question about Breazeale seeing another man named Bryan; that Almeda went

through Breazeale's cell phone messages while she was in the bathroom and saw that she had an appointment to see the victim that evening; that Almeda became angry and called his friend Grady to help him confront the victim; that Grady was on methamphetamine at the time; and that the two men "jumped [the victim] together[.]" Almeda failed to testify, however, that Breazeale knew that he and Grady were planning to confront the victim.

Approximately one week later, an investigator went to the Cobb County jail to interview Almeda about the robbery. The results of this interview, along with a review of recordings of calls between Almeda and Breazeale, led the investigator to conclude that in his testimony at the plea hearing, Almeda had fabricated a motive for the attack and had thus violated a special condition of his probation. The State then filed a motion to revoke Almeda's probation.

At the revocation hearing, and over an objection on the basis of the best evidence rule, Breazeale testified that, contrary to Almeda's earlier testimony at the plea hearing, which she had attended, she was involved in the plan to confront and rob the victim and that parts of Almeda's testimony had been false. Breazeale also confirmed that she had spoken to Almeda by phone before the plea hearing and after he was interviewed by the investigator. Breazeale confirmed the investigator's

3

conclusion that Almeda had lied at the plea hearing in order to exonerate her. The investigator also testified, over hearsay and authentication objections, as to the results of his investigation, including the telephone calls showing that Almeda had lied to the investigator and fabricated a motive in order to exonerate Breazeale. The trial court concluded that the State had proved by a preponderance of evidence that Almeda had violated the special condition of his probation requiring him to cooperate and revoked five years of his probation. This discretionary appeal followed.

1. Almeda first argues that the trial court violated the best evidence rule when it admitted (a) Breazeale's account of Almeda's testimony at the plea hearing rather than the transcript of that hearing and (b) the investigator's account of Almeda's jailhouse phone conversations rather than the recordings of those conversations. These contentions lack merit.

We review a trial court's ruling on an evidentiary question only for an abuse of discretion. *McCoy v. State*, 332 Ga. App. 626, 628 (774 SE2d 179) (2015).

OCGA § 24-10-1002 provides that "[t]o prove the contents of a writing, recording, or photograph, the original writing, recording, or photograph shall be required." "Given the similarity between Georgia's new evidence code and the Federal Rules of Evidence, it is proper that [we] give consideration and great weight

4

to constructions placed on the Federal Rules by the federal courts." (Citation and punctuation omitted.) *Williams v. State*, 328 Ga. App. 876, 879 (1), n. 14 (763 SE2d 261) (2014); see also *Sanchez v. Atlanta Union Mission Corp*., 329 Ga. App. 158, 163, n. 7 (764 SE2d 178) (2014) (physical precedent only) (following *Williams*'s direction and examining federal precedent on OCGA § 24-10-1002 et seq.).

(a) As the Eleventh Circuit and other federal courts have noted, Federal Rule 1002 "requires production of an original document only when the proponent of the evidence seeks to prove the content of the writing. It does not, however, require production of a document simply because the document contains facts that are also testified to by a witness." (Citations and punctuation omitted.) *Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1543 (II) (A) (11th Cir. 1994); see also *Simas v. First Citizens' Fed. Credit Union*, 170 F.3d 37, 51 (II) (b) (1st Cir. 1999) ("there is no general rule that proof of a fact will be excluded unless its proponent furnishes the best evidence in his power," such that a plaintiff could prove that he filed a loan application "simply through his own trial testimony" as to that event). Longstanding Georgia law is to the same effect. See *Emmett v. Regions Bank*, 238 Ga. App. 455, 458 (4) (518 SE2d 472) (1999) ("'It is not contrary to the best-evidence rule that oral testimony of a fact in issue may be primary evidence thereof, although there is written evidence of the same

5

fact'"), quoting *Peterson v. Lott*, 200 Ga. 390, 392-393 (1) (37 SE2d 358) (1946). It follows that the trial court did not abuse its discretion when it overruled Almeda's best-evidence objection to Breazeale's testimony concerning Almeda's plea hearing. *Emmett*, 238 Ga. App. at 458 (4) (trial court did not err in denying motion to strike affidavits on best-evidence grounds where appellants did not seek to prove the existence of documents proving the transactions at issue).

(b) The transcript of the revocation hearing shows that Almeda objected to the investigator's testimony as to his review of the telephone calls between Almeda and Breazeale on the grounds that the testimony was based on hearsay and that the recordings were not authenticated. Not having objected on the ground that the testimony did not rely on the best evidence, Almeda has waived this argument on appeal. *Jones v. State*, 308 Ga. App. 99, 101-102 (2) (706 SE2d 593) (2011) (appellant's failure to object to the State's omission of certified copies of prior convictions on the basis of the best-evidence rule waived that argument on appeal).

2. As we have noted, the special conditions of Almeda's probation included that he testify truthfully and that he cooperate with the State in its investigation of the robbery at issue. The evidence before the trial court included the properly admitted testimony of Breazeale and the investigator as to the recorded telephone calls

showing that Almeda had lied to the investigator at the jail days after his plea and had fabricated a motive in order to exonerate Breazeale. This evidence was sufficient to sustain the trial court's judgment that Almeda's probation should be revoked. See *Hilley v. State*, 344 Ga. App. 58, 64-65 (4) (806 SE2d 280) (2017) (supervising psychologist's testimony concerning a sex offender's refusal to participate in treatment, including polygraph testing, was sufficient to sustain the court's revocation of the offender's probation).

*Judgment affirmed. Miller, P. J., and Brown, J., concur.*