**THIRD DIVISION
DOYLE, P. J.,
HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 25, 2024**

# In the Court of Appeals of Georgia

A24A0602. RICHARDSON v. THE STATE.

WATKINS, Judge.

Van Alan Richardson appeals from the denial of his amended motion for new trial following his conviction for family violence aggravated assault by strangulation and family violence battery.[1] Richardson argues that the trial court abused its discretion when it allowed the victim to testify about her injuries over Richardson's hearsay objection. Richardson also contends that the court plainly erred in allowing the State to violate the best evidence rule. For the reasons set forth infra, we disagree and affirm.

---

[1] See OCGA §§ 16-5-21 (a) (3), (i); 16-5-23.1 (a), (f). The trial court merged the two counts for purposes of sentencing.

Viewed in the light most favorable to the verdict,[2] the evidence shows that on September 7, 2020, the victim returned home from work to the home that she shared with Richardson, her then-husband of 23 years. A verbal altercation ensued, lasting for hours and at some point turning physical. At one point during the physical altercation, Richardson bent over the victim, who was sitting on a love seat, and put his hands around her neck, drug her off the love seat, and applied pressure to her neck until she could not breathe and lost consciousness.

Around noon on September 8, 2020, law enforcement officers responded to a "welfare check" at the residence. The officers found the victim upset with extremely bloodshot eyes. While at the residence, the officers took photographs, which showed bruises on the victim's face and arms, swelling of her lips and eyes, and scratches on her face.

Richardson was charged with two counts of family violence aggravated assault, one count each of family violence battery and terroristic threats, three counts of theft by receiving stolen property, and one count of felony possession of a firearm. Prior to the presentation of evidence in Richardson's jury trial, the State nol prossed the theft

---

[2] See *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

charges. Following a jury trial at which the victim, Richardson, and two police officers testified, the jury found Richardson guilty of family violence aggravated assault by strangulation and battery and found him not guilty of the remaining charges.

Following a hearing, the trial court denied Richardson's amended motion for new trial. This appeal follows.

1. On appeal, Richardson argues that the trial court abused its discretion in allowing the victim to testify about her injuries, which implied a doctor's diagnosis, and to thus offer inadmissible hearsay.

At trial, the victim testified that she sought medical treatment following the assault, that she had received discharge papers from the hospital, and that she "had swollen eardrums[,] a sprained neck[,] fractured ribs[,] and knots on [her] head which prompted . . . a CT scan."

Although a lay witness is not competent to give what amounts to a medical opinion relative to her injuries, "victims are competent to testify as to the injuries they suffered during an assault, including broken bones."[3] As the trial court found in denying Richardson's motion for new trial, the terms used by the victim were not

---

[3] (Citations and punctuation omitted.) *Echols v. State*, 361 Ga. App. 864, 867 (2) (865 SE2d 839) (2021).

"necessarily medical" but were commonly used to describe such injuries. Overall, the victim's testimony in this case is accurately described as a description of her injuries. Additionally, the victim did not explicitly or implicitly refer to any out-of-court statement,[4] and we see no error in the trial court's decision to overrule Richardson's hearsay objection and allow the victim to testify as to the injuries she suffered during the assault.[5]

2. Richardson contends that the trial court plainly erred when it allowed the State to violate the best evidence rule by having the victim describe the contents of an unproduced photograph.

At trial, the State introduced into evidence photographs that law enforcement officers had taken of the victim's injuries. The following exchange took place during further direct examination of the victim:

---

[4] See OCGA § 24-8-801 (c) ("'Hearsay' means a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.").

[5] See *Pulliam v. State*, 309 Ga. App. 477, 478-479 (1) (711 SE2d 21) (2011) (where the defendant was charged with leaving the scene of an accident which resulted in a serious injury, the trial court did not err in permitting the victim to testify as to his broken ribs); *Jones v. State*, 294 Ga. App. 564, 567 (2) (669 SE2d 505) (2008) (trial court did not err in allowing the victim to testify that her jaw was broken during the assault).

Q     The bruising that we saw in the pictures, did any of those bruises get darker?

A     Yeah. Well, some of them did. [T]here was one that was not photographed that I photographed that was on my chest. That one got a deep purple. But the ones on my arms and the ones on my face, they . . . gave way to some nice greens and yellows more so than the deep, dark blues. But they didn't necessarily get darker that I recall.

Richardson concedes that, because he did not object at trial, we review only for plain error.[6]

> Under this four-pronged test, there first must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.[7]

---

[6] See OCGA § 24-1-103 (a) (1), (d).

[7] (Citations and punctuation omitted.) *Patch v. State*, 337 Ga. App. 233, 242 (2) (786 SE2d 882) (2016).

Under the best evidence rule, "[t]o prove the contents of a writing, recording, or photograph, the original writing, recording, or photograph shall be required."[8] This rule "requires production of an original document only when the proponent of the evidence seeks to prove the content of the [photograph]. It does not, however, require production of a document simply because the document contains facts that are also testified to by a witness."[9]

The best evidence rule is not implicated here because the State was not trying to prove the contents of the photograph taken by the victim.[10] Instead, through her testimony, the victim provided nondocumentary evidence of the bruising that resulted from the assault. Thus, there was no error, much less clear or obvious error.

3. Although not set forth in his enumeration of errors,[11] Richardson also argues that the cumulative errors at trial affected his substantial rights. We disagree.

---

[8] OCGA § 24-10-1002.

[9] (Citations and punctuation omitted.) *Almeda v. State*, 348 Ga. App. 576, 578 (1) (a) (824 SE2d 72) (2019).

[10] See *United States v. Delorme*, 964 F3d 678, 683 (8th Cir. 2020) (holding that the best evidence rule was not implicated where a federal agent testified about his interview of the accused and did not play the video recording of the interview because the government was not trying to prove the content of the recording).

[11] See Court of Appeals Rule 25 (a) (7).

As discussed in Division 1 and 2, Richardson has failed to show that at least two errors were committed at trial.[12] "Georgia courts considering whether a criminal defendant is entitled to a new trial should consider collectively the prejudicial effect of trial court errors and any deficient performance by counsel — at least where those errors by the court and counsel involve evidentiary issues."[13]

> To establish cumulative error, [Richardson] must show that (1) at least two errors were committed in the course of the trial; and (2) considered together along with the entire record, the multiple errors so infected the jury's deliberation that they denied [Richardson] a fundamentally fair trial. However, when reviewing a claim of cumulative prejudice, [appellate courts] evaluate only the effects of matters determined to be error, not the cumulative effect of non-errors.[14]

Because Richardson has failed to show any error, this argument fails.

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur.*

---

[12] See *Wynn v. State*, 313 Ga 827, 840 (6) (874 SE2d 42) (2022) ("A cumulative error analysis . . . requires an appellant to show that at least two errors were committed in the course of the trial.") (citation and punctuation omitted).

[13] *State v. Lane*, 308 Ga. 10, 14 (1) (838 SE2d 808) (2020).

[14] (Citations and punctuation omitted.) *Flood v. State*, 311 Ga. 800, 808-809 (1) (d) (860 SE2d 731) (2021).