65059. JONES v. THE STATE.

BIRDSONG, Judge.

Marvin Paul Jones was convicted of simple battery and sentenced to serve twelve months. He brings this appeal enumerating three asserted errors. *Held:*

1. In his first enumeration of error, Jones contends the trial court erred in denying a continuance until a copy of the transcript of the preliminary hearing was made available to the defense for use as possible impeachment. The facts show that though appointed counsel requested a transcript of the hearing approximately two weeks before the trial date, the motion for continuance was not made until the morning of the trial. At the time of the motion, appellant did not show when he requested the transcript, when it might reasonably be ready or in what specific way the transcript might be useful for impeachment. The trial court denied the continuance based upon a lack of showing of diligence and a failure to show the impeachment value of the transcript, i. e., in what way the absence of a transcript would be prejudicial.

A motion for continuance is addressed to the sound discretion of the trial court. This record discloses no abuse of discretion that would justify our reversal of the trial court's judgment. *Pulliam v. State,* 236 Ga. 460, 462 (224 SE2d 8); *Ware v. State,* 137 Ga. App. 673, 676 (224 SE2d 873). Moreover, though counsel has attached to his brief a copy of the pretrial transcript, it appears in the record for the first time before this court and apparently was not made a ground for new trial, nor was it ever presented to the trial court on the motion for new trial. Though we will not consider for the first time matters raised de novo before this court, even if we were to consider the transcript, it presents nothing of valid impeachment value. In the absence of a showing of prejudice and considering the belated nature of the motion for continuance, we can find no abuse of discretion.

2. In his second enumeration, Jones argues the trial court erred in failing to give a requested charge or sua sponte placing the burden of proof on the state to show the absence of justification (self-defense). The trial court charged fully upon the legal concept and principles of self-defense. Also in his charge, the court informed the jury: "If you find that there is an issue of self defense raised in the evidence in this case, the burden of proof as to such issue would rest upon the State as it would with reference to other issues in the case . . . ." Lastly, the court repeatedly emphasized that the burden of proof inflexibly remained with the state. There is no merit in this enumeration.

3. In his last enumeration of error, Jones urges that the verdict is not supported by the sufficiency or weight of the evidence. Of course, this court does not (nor can it) concern itself with the weight of the evidence. Appellant admitted striking the victim with a tire iron in the head, thus causing personal injury. His defense was that of justification. The jury heard the evidence and elected to believe the state's version of the events was more persuasive than that of the defendant Jones. The evidence was amply sufficient to convince any rational trier of fact beyond reasonable doubt that the elements of the offense of simple battery had been established. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED DECEMBER 3, 1982 —
REHEARING DENIED DECEMBER 16, 1982 —

*James W. Howard,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin*

*H. Oehlert III, Scott Childress, Assistant District Attorneys,* for appellee.