A92A1024. HARRELL v. THE STATE.
(422 SE2d 71)

POPE, Judge.

Defendant Benjamin F. Harrell III was convicted of the offense of simple battery and appeals.

1. Defendant argues that the trial court erred in refusing to consider his defense of justification. The record shows that defendant was convicted following a bench trial. The charges against defendant arose out of an altercation which occurred during a domestic dispute. The defendant testified at trial and admitted pushing the victim (his wife at the time of the altercation), but testified that he did so "because he didn't want to get hit again" by the victim, who, according to defendant, appeared to be preparing to strike him again after she struck him once in the face. The victim admitted slapping defendant on the date in question but testified she did so after he pushed her by placing his hands on her chest.

The trial court, sitting as the trier of fact, rejected defendant's self-defense/justification argument, stating that "[t]he defense is that the victim slapped the Defendant and the Defendant then responded by touching. That is not a defense to simple battery in Georgia." Thus it appears that the trial court held as a matter of law that de-

fendant could not assert self-defense as justification for pushing the victim after she slapped him. Moreover, it is apparent from the court's remarks that it did not, as it was authorized to do as the trier of fact and as the State suggests, merely reject defendant's version of events in favor of the victim's testimony; rather it appears from the transcript that the trial court held that even accepting defendant's version of events as true, he was not entitled to assert the defense of self-defense/justification. Cf. *Jones v. State*, 164 Ga. App. 843 (298 SE2d 324) (1982); *Townsend v. State*, 155 Ga. App. 422 (1) (271 SE2d 7) (1980).

We agree with the defendant that this was error requiring reversal of his conviction. OCGA § 16-3-20 provides that "[t]he fact that a person's conduct is justified is a defense to prosecution for *any crime* based on that conduct." (Emphasis supplied.) See also *Townsend v. State*, 155 Ga. App., supra at 423 (3). We have uncovered no authority for the proposition that this defense is unavailable, where the facts otherwise warrant the submission of the defense for consideration by the trier of fact, in a case in which the defendant is charged with the crime of simple battery. Moreover, and contrary to the findings of the trial court, we have uncovered no authority for the proposition that the only defenses available to a person on trial for the offense of simple battery are 1) that the touching occurred during a lawful arrest by a law enforcement official; 2) that the victim consented; 3) or that the touching was justified because the victim used opprobrious or abusive language. Inasmuch as the trial court refused to consider defendant's sole defense of justification, and inasmuch as there was some evidence presented which would authorize the consideration of this defense, the conviction must be reversed.

2. Our holding in Division 1 makes it unnecessary for us to consider defendant's contentions concerning trial counsel's ineffectiveness.

*Judgment reversed. Carley, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Kupferman & Ransopher, Drew Findling*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Deborah M. Perlis, David M. Fuller, Assistant Solicitors*, for appellee.