## A99A2244. COX v. THE STATE.
### (532 SE2d 697)

MILLER, Judge.

When Leslie Bryan Cox went to his wife's mobile home to persuade her to return to him, she asked him to leave because he had been drinking. He splashed some beer on her clothing, and after she closed the door, he broke the light affixed to her trailer near the door, broke open her outdoor phone jack and unplugged it, and destroyed a small concrete statue she kept in her front yard. At a bench trial he was convicted of family violence battery[1] and criminal trespass.[2] He enumerates as error the sufficiency of the evidence and the State's failure to establish that he knowingly waived his right to a jury trial. We find merit in these contentions and reverse.

1. Construing the evidence in favor of the convictions, could a rational trier of fact have found, beyond a reasonable doubt, each of the elements of the charged crimes?[3] We hold that the evidence relative to the battery conviction does not meet this standard, whereas the evidence relative to the trespass conviction does.

Under OCGA § 16-5-23.1 (a) and (f), a person commits the offense of family violence battery when he intentionally causes substantial physical harm or visible bodily harm to a spouse. Here the State contended that Cox threw beer in his wife's face, causing her physical pain. Both the victim and Cox testified otherwise, stating only that some beer was splashed on her clothes.[4] Because there was no evidence of any pain or harm, the battery conviction fails.

With regard to trespass, OCGA § 16-7-21 (a) criminalizes the intentional destruction of another person's property (without that

---

[1] OCGA § 16-5-23.1 (f).
[2] OCGA § 16-7-21 (a).
[3] See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[4] An officer's hearsay testimony that she told him that Cox threw beer in her face was not admitted as part of the res gestae and consequently had no probative value. See *Jones v. State,* 271 Ga. 516, 517 (2) (520 SE2d 454) (1999); compare *Brinson v. State,* 208 Ga. App. 556 (1) (430 SE2d 875) (1993).

person's consent), which results in damage to the property of $500 or less. Cox correctly points out that absent evidence as to whether the amount of damage done was more or less than $500, a criminal trespass conviction generally cannot stand.[5] But an exception exists where the evidence shows that the damage was to everyday objects, for then the trier of fact can form its own estimates of value and damage.[6] The light affixed to the trailer was an everyday object, which authorized the judge to estimate the damage done to it.[7] Thus, the evidence sufficed to sustain the criminal trespass conviction.

2. Nevertheless, as conceded by the State, we must reverse the trespass conviction on the ground that no evidence showed that Cox intelligently and voluntarily waived his right to a jury trial. The record is undisputed that on the day of arraignment Cox, appearing pro se, was asked how he pled, to which he replied, "Not guilty." The prosecutor then placed a form sheet in front of Cox, telling him it constituted his "not guilty" plea and instructing him to sign it, which Cox did. In fact, the form sheet also purported to waive Cox's right to trial by jury, and a bench trial immediately ensued once he signed. Because this was the only evidence of Cox voluntarily waiving his right to a jury trial, and because the State concedes that there was no knowing and intelligent waiver, reversal is mandated.[8]

In summary, we reverse the battery conviction on the general grounds.[9] The trespass conviction is reversed for failure to inform Cox of his right to a jury trial, and the case is remanded for further proceedings.[10]

3. Remaining enumerations of error are not likely to recur on retrial.

*Judgments reversed and remanded with direction. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 27, 2000 —
RECONSIDERATION DENIED APRIL 14, 2000.

---

[5] *Matthews v. State*, 224 Ga. App. 407, 409 (2) (481 SE2d 235) (1997); see *Johnson v. State*, 156 Ga. App. 411, 413 (2) (274 SE2d 778) (1980).

[6] *Mallory v. State*, 164 Ga. App. 569, 570 (2) (298 SE2d 290) (1982); see *Matthews*, supra, 224 Ga. App. at 409 (2).

[7] Cf. *Jones v. State*, 236 Ga. App. 716, 717 (1) (513 SE2d 254) (1999) (jury could estimate the value of a door to a residence).

[8] See *Pirkle v. State*, 221 Ga. App. 657 (472 SE2d 478) (1996); *Payne v. State*, 217 Ga. App. 386, 387 (460 SE2d 297) (1995).

[9] See *Dinning v. State*, 267 Ga. 879, 880 (485 SE2d 464) (1997).

[10] *Kirkland v. State*, 202 Ga. App. 356, 358 (1) (414 SE2d 502) (1991).

*John M. Hatfield*, for appellant.
*Michael D. Devane, Solicitor*, for appellee.