A05A2301. HARVEY v. THE STATE.
(626 SE2d 623)

BARNES, Judge.

Following a bench trial, Joshua Harvey was found guilty of failure to report an accident. He appeals from this conviction and the order dismissing his motion for new trial, contending that there was insufficient evidence to support his conviction for failing to report an accident. We agree, and reverse.

The evidence, viewed in the light most favorable to the jury's verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), demonstrates that a Fayette County Sheriff's deputy was on patrol when he noticed an abandoned vehicle in a ditch off Sandy Creek Road. Upon closer inspection, he noticed that the front bumper was pushed into the ditch, the grill was damaged, and that the vehicle emitted a strong odor of alcohol. He also observed that there were only six cold cans remaining of a twelve-pack of beer located in the back

seat of the vehicle. The deputy further noted 60 feet of skid marks at the scene, but was not able to locate the driver of the vehicle. The car was removed from the scene and impounded. The officer attempted to find the driver, but was unsuccessful in locating anyone at the address registered with the vehicle. Five days later, Harvey contacted the officer requesting information about the release of the vehicle. Harvey met with the officer at the sheriff's office and told him that he had the accident after swerving to miss a truck. He said that he did not report the accident because he did not have a cell phone. The officer issued Harvey a citation for failure to report an accident, and failure to maintain lane. At a subsequent bench trial, Harvey was found not guilty of failure to maintain lane, but convicted of failure to report an accident.

Harvey complains on appeal that because there was no evidence of the extent of the damage to the vehicle, the evidence was insufficient to sustain the conviction.

OCGA § 40-6-273 provides:

> The driver of a vehicle involved in an accident resulting in injury to or death of any person or property damage to an apparent extent of $500.00 or more shall immediately, by the quickest means of communication, give notice of such accident to the local police department if such accident occurs within a municipality. If such accident occurs outside a municipality, such notice shall be given to the office of the county sheriff or to the nearest office of the state patrol.

In this case, when questioned about the damage to the 1991 Honda Accord, the only evidence proffered by the State was that the front bumper was pushed down in the ditch, and "it had grill damage and stuff like that." No other evidence regarding the amount of damage the car sustained was presented. No photographs were introduced, and the deputy did not testify that the bumper was damaged as a result of being pushed into the ditch or explain what "stuff like that" meant. Moreover, Harvey testified that his car "already had front-end damage," and he did not hit any "fixed objects or an animal." Harvey further testified that he "didn't feel that [he] was going to have to worry about claiming it on [his] insurance or any other thing," and that he felt the car could be pulled out of the ditch and taken home. According to his testimony, Harvey returned to the scene that night, but his car had already been removed by the police. Contrary to the State's assertion, no evidence was presented that the car could not be driven once it was removed from the ditch.

While there is no specific statutory mandate that the amount of damage be certain, there must be some evidence presented that the

factfinder, in this instance the trial judge, can use to estimate the cost of damage to the vehicle and conclude that the "apparent extent" of the damage to the car at the time of the collision exceeded $500. See generally *Cox v. State*, 243 Ga. App. 582, 582-583 (1) (532 SE2d 697) (2000). Here, there was none. Although the factfinder would be authorized to infer from evidence presented that the damage to a vehicle cost a certain amount to repair, here no evidence was presented to permit such an inference.

When, in this circumstance, the onus is on the defendant to make an assessment at the time of the accident about the "apparent extent" of damage to his vehicle, he should not face criminal prosecution for a low estimation without some evidence of the nature and extent of the damage to the car. Accordingly, we find the evidence insufficient under *Jackson v. Virginia*, supra, to find Harvey guilty of the crime charged.

*Judgment reversed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JANUARY 31, 2006.

*Steven L. Harris*, for appellant.
*Jamie K. Inagawa, Solicitor-General, Alisha B. Thompson, Assistant Solicitor-General*, for appellee.