**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**June 17, 2013**

# In the Court of Appeals of Georgia

A13A0351. HOWE v. THE STATE.

PHIPPS, Presiding Judge.

Following a bench trial, Jarius Howe was convicted of family violence simple battery and reckless conduct. He challenges the sufficiency of the evidence. We affirm.

Following a criminal conviction, we view the evidence in the light most favorable to the verdict, and the presumption of innocence no longer applies; further, an appellate court does not weigh the evidence or judge witness credibility, but rather determines whether the adjudication of guilt is supported by sufficient competent evidence. When the sufficiency of the evidence is challenged, we use the test established by *Jackson v. Virginia*[1] to determine whether the evidence was sufficient for any rational trier of fact to find the defendant guilty of the crimes

---

[1] 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

charged. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld. In bench trials, the findings of the trial court will not be set aside unless clearly erroneous.[2]

Viewed in this light, the evidence showed the following. On October 30, 2010, as Howe was driving to a church function with his wife and their eight-week old son in their mini-van, Howe and his wife became involved in a verbal altercation. Members of the wife's family had come from out of town to help Howe and his wife move, and the wife testified she was "very irritated" that Howe had not secured a truck to facilitate the move. The verbal altercation escalated to a physical one when Howe threw a cell phone at his wife, striking her in the face. The wife testified that as Howe drove and ignored her, she "got in [Howe's] ear, . . . . probably touching [her nose to] his ear," making comments such as "can you hear me, these people are coming down here." The wife testified that Howe then "reached over and maybe like pushed me or hit me a couple of times upside of my face." She testified that she hit Howe back "on that arm." She stated that Howe pulled into the parking lot of a gas

---

[2] *Cook v. State*, 314 Ga. App. 289 (723 SE2d 709) (2012) (punctuation and footnotes omitted).

2

station and parked the van. There, they "were scraping (sic). . . . going at it back and forth" in the van.

At some point, Howe "had [his wife's] head down kind of like between his legs. . . . [H]e was just holding [her] down, and he bit [her]," on what she stated was her shoulder, but photographs admitted in evidence more accurately reflected was her back. Howe's wife testified that she was "reaching up . . . scratching his face, and things like that, trying to get him to release [her]." In an attempt to get Howe to exit the vehicle, his wife removed the keys from the ignition and threw them on the ground. Howe exited the vehicle. His wife recovered the keys and got in the driver's seat; but before she could drive away, Howe re-entered the vehicle and sat in the back. The wife drove toward the church, but changed her mind and turned around. However, Howe "continued to be very out of hand," striking his wife in the back of her head "a couple of times" while she was driving. So, she decided that since Howe's parents were already at the church, she would go to the church after all. She explained: "I thought that maybe if I pulled up on his parents, he would not act that way."

As Howe's wife got closer to the church, Howe repeatedly told her to stop the van and to pull over or he would throw the baby out of the vehicle. But his wife

3

continued to drive. Howe took the baby seat off its base, opened the van's sliding door, and held his son out of the van while the van was in motion. As they arrived at the church, and the van came to a stop, Howe exited the vehicle and left the premises. His wife was taken to a hospital, where she received a shot for the bite on her back.

Howe's wife testified that subsequent to this incident, she and Howe had had additional difficulties, and Howe had been arrested after one of those events. Her father testified that he, his ex-wife, and their oldest daughter had been driving behind the van, and that he had seen a "commotion" going on inside the van; but he had not realized that something was wrong until he saw "the baby carriage come out the left side of the van."

Howe testified at trial. He denied throwing a phone at his wife; he testified that he had pushed and bitten his wife *after* she had bitten and assaulted him. Howe testified that the bite from his wife left a purple mark on his face, and that he applied Neosporin to the injury. Howe stated that he had bitten his wife "to cause her pain," so that she could feel what it had felt like to him when she had bitten him. When asked whether she had bitten Howe on his face, the wife replied only that she had leaned over and had gotten really close to his face. A family friend, whom Howe called as a witness, testified that she had seen scratches on Howe's face and arms at

the church. Concerning the baby, Howe stated that he had held the baby in the car seat in his lap, opened the van door, and threatened to throw the baby out of the van if his wife did not stop the vehicle; but he denied that he had held the baby out of the moving van.

"A person commits the offense of simple battery when he or she either: (1) Intentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) Intentionally causes physical harm to another."[3] And when a person commits the offense of simple battery against a spouse or other family member, then the offense constitutes family violence simple battery.[4] The state accused Howe of committing the offense of family violence simple battery by, pertinently, "intentionally causing physical harm to [wife's name] by striking said victim in the head with his right fist and than (sic) began striking the victim on several parts of the body and biting the victim on her back."

---

[3] OCGA § 16-5-23 (a) (1) (2).

[4] OCGA § 16-5-23 (f); see generally *Futch v. State*, 316 Ga. App. 376, 379 (1) (a) (730 SE2d 14) (2012) ("when a defendant commits the offense of battery against a spouse or other family member, then the offense constitutes family-violence battery").

Howe contends that the evidence was insufficient because he presented overwhelming evidence that he acted in self-defense. Relying on *Harrell v. State*,[5] he asserts that the trial court erred in refusing to consider his defense of justification. But Howe's reliance on *Harrell* is misplaced; indeed, Howe recognizes that in that case, the trial court specifically (and erroneously) ruled that the defense of justification was inapplicable.[6] Here, there was no such ruling by the trial court.

This court has held that "[o]ne who provokes a difficulty may yet defend himself against violence on the part of the one provoked, if the violence be disproportionate to the seriousness of the provocation, or greater in degree than the law recognizes as justifiable under the circumstances."[7] Moreover,

> a person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to defend himself or herself . . . against such other's imminent use of unlawful force.[8] If the amount of force used by a person is excessive, however, it does not qualify as self-defense. Once evidence of self-defense is presented, the burden is on the state to

---

[5] 205 Ga. App. 378 (1) (422 SE2d 71) (1992).

[6] Id. at 378-379 (1).

[7] *Norrell v. State*, 116 Ga. App. 479, 484-485 (1) (b) (157 SE2d 784) (1967).

[8] OCGA § 16-3-21 (a).

disprove that defense beyond a reasonable doubt. Whether the defendant acted in self-defense is normally a question for the jury's determination.[9]

The state presented ample evidence that Howe struck his wife in the head and face and bit her on her back, and that the amount of force that Howe used was not justified. Based upon the evidence, including Howe's own testimony that he had bitten his wife in retaliation for her alleged actions against him, the trial court was authorized to find that Howe's act of biting his wife was an excessive and vengeful response; and that Howe's act of striking his wife upon her head as she drove, while he was seated in the back seat of the van, and after she had tried to get away from him, was committed after any possible danger to him had passed.[10] The trial court,

---

[9] *Whitley v. State*, 307 Ga. App. 553, 556 (707 SE2d 375) (2011) (citations and punctuation omitted); *Gray v. State*, 257 Ga. App. 393, 395 (1) (a) (ii) (571 SE2d 435) (2002) (whether a person was justified is a matter to be determined by the trier of fact).

[10] See generally *Hill v. State*, 310 Ga. App. 695, 698 (1) (713 SE2d 891) (2011) (a defendant's use of force is not justified if it occurs after the imminent danger has passed or if the amount of force is excessive); *Hill v. State*, 250 Ga. App. 9, 12 (1) (550 SE2d 422) (2001) ("as a matter of law, it is an essential element that, for justification to apply, the act must be committed under the fears of a reasonable man and not committed in a spirit of revenge. To legally justify the use of force, an accused must truly have acted under the influence of the degree of fear reasonably appropriate to the circumstances and not to have acted in revenge"; whether defendant acted in a retaliatory or vengeful manner or acted in reasonable apprehension of being seriously harmed by victim and victim's friends were questions

7

sitting as the trier of fact, was authorized to reject Howe's version of events in favor of his wife's testimony.[11] Moreover, evidence that Howe and his wife had subsequent difficulties, and that during the episode in this case, Howe had held his eight-week old son out of a moving vehicle, authorized the trial court to give little credence to Howe's self-defense claim. Credibility is an issue to be decided by the trier of fact.[12] Accordingly, the evidence was sufficient to authorize a rational trier of fact to find Howe guilty beyond a reasonable doubt of family violence simple battery.[13]

---

for trier of fact to resolve) (punctuation and footnotes omitted); *In the Interest of T. T.*, 236 Ga. App. 46 (1) (2) (510 SE2d 901) (1999) (juvenile court did not err by failing to conclude that juvenile acted in self-defense where juvenile stabbed victim and the two fought each other; although witnesses testified that the victim started the fight by "slamming" the juvenile, the evidence did not demand a finding that the juvenile acted solely in self-defense within the meaning of OCGA § 16-3-21 (a); stabbing had occurred shortly after victim refused to stop laughing at juvenile's dog); *Love v. State*, 194 Ga. App. 601, 602 (1) (391 SE2d 447) (1990) (where appellants' evidence showed only that they had struck the victim in retaliation and not that they had done so in the reasonable belief that striking him was a necessary defensive response to any continuing use of force on his part, the evidence did not authorize a charge on self-defense as to the battery count and the trial court did not err in refusing to give it).

[11] See *Harrell*, supra at 379 (1); *Jackson v. State*, 182 Ga. App. 826 (357 SE2d 143) (1987).

[12] *Jackson v. State*, supra.

[13] See *Jackson v. Virginia*, supra; *Moore v. State*, 319 Ga. App. 696, 699 (1) (738 SE2d 140) (2013) ("Where conjunctive pleadings set forth more than one act by

Although in his sole enumerated error Howe contends that the evidence was insufficient to prove that he committed the "crimes" for which he was convicted, on the first page of his appellate brief, Howe states that he is appealing only his conviction for family violence simple battery, despite the fact that in his purported statement of the case he mentions that he was also convicted of reckless conduct.[14] Howe provides no argument, citation of authority, or citations to the record to support any purported challenge to the sufficiency of the evidence to support his reckless conduct conviction. Accordingly, we deem any challenge to the sufficiency of the evidence to support the reckless conduct conviction abandoned.[15] In any event, the

which the accused committed the crime, the evidence is sufficient so long as it shows at least one of the acts alleged.") (citation and punctuation omitted); *Hill*, supra, 310 Ga. App. at 698 (1); *Hill*, supra, 250 Ga. App. at 12 (1); *In the Interest of T. T.*, supra; *Jackson v. State*, supra (viewing the evidence in the light most favorable to the verdict, i.e., preferring the testimony of the appellant's ex-wife to that of the appellant, the evidence authorized a rational trier to find appellant guilty beyond a reasonable doubt of simple battery); OCGA § 16-5-23 (f).

[14] The state accused Howe of committing the offense of reckless conduct by consciously disregarding a substantial and justifiable risk that his act of holding his baby out of a moving vehicle would cause harm to the baby.

[15] See *Gartrell v. State*, 291 Ga. App. 21, 22 (1) (660 SE2d 886) (2008); *Clark v. State*, 285 Ga. App. 182, 183 (1) (645 SE2d 671) (2007); Court of Appeals Rule 25 (c) (2).

evidence presented was sufficient to authorize a rational trier of fact to find Howe guilty beyond a reasonable doubt of reckless conduct.[16]

*Judgment affirmed. Ellington, C. J., and Branch, J., concur.*

---

[16] See generally *Waits* v. State, 282 Ga. 1-2, 4 (1), (2) (644 SE2d 127) (2007).