**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

April 21, 2015

# In the Court of Appeals of Georgia

A15A0466. ONYEKWE v. THE STATE.

MILLER, Judge.

Following a bench trial, Christopher Onyekwe was convicted of two counts of family violence simple battery (OCGA § 16-5-23 (f)). In his out-of-time appeal,[1] Onyekwe contends that (1) the evidence was insufficient to support his convictions and (2) the trial court erred in excluding evidence that could have exonerated him. Discerning no error, we affirm.

Viewed in the light most favorable to Onyekwe's conviction,[2] the evidence shows that Onyekwe and his ex-wife have two children together and they have been

---

[1] This Court dismissed Onyekwe's untimely first appeal from the denial of his motion to set aside judgment. The trial court subsequently granted Onyekwe's request for permission to file an out-of-time appeal.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

divorced since August 2003. Around noon on March 26, 2011, the ex-wife drove the children to the Fayetteville police station to meet Onyekwe for his agreed-upon overnight visitation. Onyekwe, who has a history of family violence, became angry when his 11-year-old daughter refused to go with him.

Onyekwe's ex-wife told him to calm down so that they could talk about the situation. Onyekwe responded by yelling that he was going to take his ex-wife and daughter back to court. Onyekwe then walked over to his ex-wife's van, threw the door open, started hitting his daughter and tried to pull her out of the van. When his ex-wife told him to stop, Onyekwe turned around and hit his ex-wife on her shoulder. Onyekwe's teenage son then ran to the police station for help.

The son approached an officer, who had just pulled into the police station parking lot, and told the officer that his father had hit his mother. The officer separated the parties and interviewed each of them individually. When the officer spoke to the daughter, he saw visible red marks on her arm in the pattern of fingers or palms, and he noticed that her left sleeve was visibly stretched, which led him to conclude that Onyekwe had attempted to pull her out of the van.

1. Onyekwe contends that the evidence was insufficient to support his convictions for family violence simple battery. We disagree.

A person commits the offense of simple battery when he or she either: (1) Intentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) Intentionally causes physical harm to another.

OCGA § 16-5-23 (a). When a person commits the offense of simple battery against a spouse, child or other family member, the offense constitutes family violence simple battery. See OCGA § 16-5-23 (f); see also *Howe v. State*, 322 Ga. App. 294, 296 (744 SE2d 818) (2013). Contrary to Onyekwe's contention, the testimony of his ex-wife and daughter, as well as the corroborating testimony of the investigating officer, was more than sufficient to show that he committed the two charged crimes by striking his ex-wife and grabbing and hitting his daughter. See *Howe*, supra, 322 Ga. App. at 297-298 (evidence that defendant struck his wife in the head and face supported his conviction for family violence simple battery).

2. Onyekwe contends that the trial court erred in excluding evidence that his ex-wife made accusations against him and continually denied him his right to visit with his children. We discern no error.

The admission or exclusion of evidence over a relevancy objection is a matter committed to the sound discretion of the trial court, and this Court will not disturb the trial court's evidentiary decisions absent an abuse of discretion. See *Askew v. State*,

310 Ga. App. 746, 747 (1) (713 SE2d 925) (2011). Moreover, this Court has repeatedly held that "[e]vidence which does not in any reasonable degree tend to establish the probability of the issues of fact in controversy is irrelevant and inadmissible." (Footnote omitted.) *Davis v. State*, 301 Ga. App. 484, 488 (3) (687 SE2d 854) (2009). Rather, evidence must relate to the questions being tried by the trier of fact, which in this case was the trial court. See former OCGA § 24-2-1.

During the trial, Onyekwe repeatedly attempted to introduce evidence related to his divorce and child custody arrangements with his ex-wife. Each time, the State objected on relevance grounds and the trial court sustained the State's objection. The evidence that Onyekwe attempted to introduce did not relate to the question being tried, i.e., whether Onyekwe committed the charged acts of striking his ex-wife and grabbing his daughter. See *Davis*, supra, 301 Ga. App. at 488 (3) (evidence unrelated to defendant's case was irrelevant and inadmissible). Accordingly, the trial court did not abuse its discretion in excluding the evidence.

*Judgment affirmed. Andrews, P. J., and Branch, J., concur*.