**SECOND DIVISION
MILLER, P. J.,
MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**June 3, 2020**

# In the Court of Appeals of Georgia

A20A0425. LOPEZ v. THE STATE.

MILLER, Presiding Judge.

A Chatham County jury found Jason Andrew Lopez guilty of two counts of family violence battery and two counts of family violence simple battery, and the trial court sentenced him to 48 months in prison. Lopez appeals from the trial court's order denying his motion for new trial, arguing that (1) the trial court erred by admitting hearsay testimony at trial; (2) the trial court erred by admitting evidence of prior difficulties into evidence at trial; (3) the evidence was insufficient to sustain his convictions; and (4) the trial court erred by failing to merge his convictions. We conclude that the trial court did not err by admitting alleged hearsay evidence at trial, the trial court did not commit plain error by admitting evidence of prior difficulties, and that the evidence was sufficient to sustain Lopez's convictions. We conclude,

however, that the trial court erred by failing to merge Lopez's convictions. We therefore affirm in part and vacate in part, and remand the case to the trial court for resentencing.

Viewed in the light most favorable to the verdicts,[1] on February 3, 2017, Patrick Wygal was at the courtyard of a hotel on an army base with two other individuals. According to Wygal, at around 4 a.m., Mallory, Lopez's wife, was being chased by a "big naked dude" later identified as Lopez. Mallory ran up to Wygal and told him that Lopez had hit her and that her tooth had chipped. Wygal and another individual chased after Lopez, and he told them that he had gotten into a dispute with Mallory.

Mallory spoke with a police officer who responded to the hotel and told him that she and Lopez had been fighting. She said that during the fight Lopez hit her legs, grabbed her by the arms, and pushed her down on to the bed. She also said that Lopez "held her down by the top of her chest to her throat and then began to hit her in the face" until she "tasted blood." She said that Lopez then got off of her, at which time she ran to the hotel lobby area. Mallory did not testify at trial, but photographs of her injuries were entered into evidence at trial.

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

In a four-count accusation, Lopez was charged with two counts of family violence battery (OCGA § 16-5-23.1 (f)), and two counts of family violence simple battery (OCGA § 16-2-23 (f)). The jury found Lopez guilty of all counts, and the trial court sentenced Lopez to 48 months in prison. Lopez filed a motion for new trial, which the trial court denied. This appeal followed.

1. First, Lopez argues that the trial court erred by admitting into evidence statements made by Mallory under the forfeiture by wrongdoing exception to the hearsay rule. We conclude that the trial court properly admitted Mallory's statements into evidence.

"We review a trial court's ruling on an evidentiary question only for an abuse of discretion." *Almeda v. State*, 348 Ga. App. 576, 577 (1) (824 SE2d 72) (2019).

The Sixth Amendment to the United States Constitution provides

> that in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him. This clause applies to witnesses against the accused—in other words, those who bear testimony and, consistent with the framers' original understanding, testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine.

3

(Citations and punctuation omitted.) *Brittain v. State*, 329 Ga. App. 689, 693-694 (2) (a) (766 SE2d 106) (2014). Nevertheless, "notwithstanding a criminal defendant's Sixth Amendment right to confront the witnesses against him, the common-law doctrine of forfeiture by wrongdoing permits the introduction of statements made by a witness who has been detained or kept away by the means or procurement of the defendant." (Citation and punctuation omitted.) Id. at 694 (2) (a). Rephrased, "[o]ne who obtains the absence of a witness by wrongdoing forfeits the constitutional right to confrontation." (Citation omitted.) *Hendrix v. State*, 303 Ga. 525, 528 (2) (813 SE2d 339) (2018). Hence, OCGA § 24-8-804 (b) (5) provides: "The following shall not be excluded by the hearsay rule if the declarant is unavailable as a witness: . . . A statement offered against a party that has engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness." "To admit a statement against a defendant under the rule of forfeiture-by-wrongdoing, the government must show (1) that the defendant engaged or acquiesced in wrongdoing, (2) that the wrongdoing was intended to procure the declarant's unavailability, and (3) that the wrongdoing did procure the unavailability." (Citation and punctuation omitted.) *Hendrix*, supra, 303 Ga. at 528 (2). "If, as supported by a preponderance of the evidence, a trial court finds that a party has acted with the

4

purpose of making a witness unavailable to testify against him, a trial court does not abuse its discretion in allowing the unavailable witness's statements to be admissible at trial against the party who caused the witness's absence." Id.

Here, after Mallory failed to appear for trial, the State sought to admit into evidence several statements made by Mallory to police and other witnesses on the night of the incident, in addition to statements made by Mallory during jail calls with Lopez in which she recounted the details of the incident. In support of its motion, the State presented testimony from an investigator who testified that Mallory had been served with a subpoena to appear for trial. While serving Mallory with the subpoena, Mallory told the investigator that "her blood would be on her hands," that she would not attend the trial, and that she would rather be jailed. The State also entered into evidence recordings of jail calls between Mallory and Lopez which were made after his arrest. In one call, Lopez repeatedly told Mallory that the State would not be able to proceed against him if she did not cooperate with the prosecution. In that same call, Lopez told Mallory that "just because they subpoena you doesn't mean you have to show up[,]" and that she would not be arrested if she did not appear and testify at trial. Lopez also told Mallory that he hoped she came to court so that he could spit in her face.

We conclude that all three factors were proven by a preponderance of the evidence to admit Mallory's statements into evidence under the forfeiture by wrongdoing rule. First, Lopez engaged in wrongdoing by pressuring Mallory with the notion that she did not have to comply with the subpoena to appear for trial and by repeatedly telling her that the State would not be able to proceed with the case without her. See *Hendrix*, supra, 303 Ga. at 529 (2) (holding that the defendant engaged in wrongdoing by instructing the victim not to cooperate with the State). Second, Lopez's wrongdoing was intended to procure Mallory's unavailability because he repeatedly told her that the State would not be able to proceed with the case against him if she did not cooperate. See *Hendrix*, supra, 303 Ga. at 529 (2) (holding that the defendant intended to procure the witness's unavailability by commanding the witness not to cooperate with the State). Finally, Lopez's wrongdoing did procure Mallory's unavailability because, although under subpoena, Mallory did not appear for trial. See *Hendrix*, supra, 303 Ga. at 529 (2) (holding that the defendant procured the witness's unavailability because the witness stopped cooperating with the State after being threatened by the defendant). Because a preponderance of the evidence showed that Lopez engaged in wrongdoing intended to procure Mallory's unavailability, and that wrongdoing did actually cause her

6

unavailability, the trial court did not abuse its discretion by admitting Mallory's statements under the forfeiture by wrongdoing rule. See id. (holding that the trial court did not err by admitting the witness's statements under the forfeiture by wrongdoing rule where all three factors for admissibility were established by a preponderance of the evidence).

2. Second, Lopez argues that the trial court erred by admitting evidence of three prior difficulties involving Mallory into evidence at trial. We conclude that the evidence was properly admitted.

As a preliminary matter, this enumeration of error was not preserved for appellate review. Although Lopez argues that this claim was preserved by a "continuing objection" at trial and by the filing of a motion for new trial, Lopez's continuing objection was a hearsay objection made in reference to the trial court's forfeiture by wrongdoing ruling. Lopez, however, did not raise an objection to the admissibility of the prior difficulties evidence at trial, and raising this argument in the motion for new trial did not preserve it for appellate review. *Anthony v. State*, 302 Ga. 546, 549 (II) (807 SE2d 891) (2017) ("In order to preserve an objection for appellate review, the specific ground of the objection must be made at the time the challenged evidence is offered.") (citation omitted). Therefore, we review this enumeration for

7

plain error only. See *Perez v. State*, 331 Ga. App. 164, 166-167 (1) (770 SE2d 260) (2015) (applying plain error review to the defendant's claim that the trial court erred by admitting prior bad acts into evidence at trial). To show plain error,

> first, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

(Citation and punctuation omitted.) *Chitwood v. State*, 352 Ga. App. 218, 225-226 (3) (b) (834 SE2d 334) (2019). OCGA § 24-4-404 (b) provides:

> Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Here, Lopez challenges the admission of testimony regarding three prior difficulties involving Mallory. In the first incident, the State presented testimony from an officer that on March 19, 2016, he observed Mallory holding the right side of her face as she lay on the ground and that Mallory told him that Lopez had punched her in the face. In the second incident which occurred on November 9, 2015, a witness testified that he observed Lopez remove Mallory from a vehicle and put her on the ground and position himself on top of her. As to the third incident, which occurred on December 31, 2016, an officer testified that he responded to a bar in relation to a domestic disturbance and met with Mallory, and that Mallory told him that she and Lopez had gotten into an argument, and that as she sat in her car, Lopez got inside, put his knee on her thigh, and punched her in the face. The trial court admitted the evidence regarding the three prior difficulties and instructed the jury that it could consider the evidence as it related to "the state of feelings" between Mallory and Lopez and the reasonableness of any fears Mallory or Lopez might have had.

Pretermitting whether evidence of the three prior difficulties was admissible to show the state of feelings between Mallory and Lopez, we conclude that Lopez cannot affirmatively show that the alleged errors probably affected the outcome at trial. The State presented evidence from multiple witnesses who testified that Mallory

9

said that Lopez hit her in the face and on her legs, and photographs showing

Mallory's injuries were entered into evidence for the jury's consideration. Therefore,

in light of the overwhelming evidence of Lopez's guilt for the offenses, "it cannot be

said that any error in the admission of this other evidence likely affected the outcome

below." *Gates v. State*, 298 Ga. 324, 328 (3) (781 SE2d 772) (2016).

3. Lopez further argues that the evidence was insufficient to support his

convictions. We disagree.

> On appeal from a criminal conviction, we view the evidence in the light
> most favorable to the verdict and an appellant no longer enjoys the
> presumption of innocence. This Court determines whether the evidence
> is sufficient under the standard of *Jackson v. Virginia*, and does not
> weigh the evidence or determine witness credibility. Any conflicts or
> inconsistencies in the evidence are for the jury to resolve. As long as
> there is some competent evidence, even though contradicted, to support
> each fact necessary to make out the State's case, we must uphold the
> jury's verdict.

(Citations omitted.) *Harvey v. State*, 344 Ga. App. 761, 763 (811 SE2d 479) (2018).

### *(a) Family Violence Battery*

> A defendant commits the offense of battery when he intentionally causes
> substantial physical harm or visible bodily harm to another. . . . [T]he
> term "visible bodily harm" means bodily harm capable of being

10

perceived by a person other than the victim and may include, but is not limited to, substantially blackened eyes, substantially swollen lips or other facial or body parts, or substantial bruises to body parts. And when a defendant commits the offense of battery against a spouse or other family member, then the offense constitutes family-violence battery.

(Citations and punctuation omitted.) *Futch v. State*, 316 Ga. App. 376, 379 (1) (a) (730 SE2d 14) (2012).

Here, Count 1 of the accusation alleged that Lopez committed family violence battery in that he caused visible bodily harm to Mallory in the form of her chipped tooth. Count 2 alleged that Lopez committed family violence battery in that he caused visible bodily harm to Mallory due to her swollen eye. The State presented evidence from Wygal who testified that Mallory told him that Lopez had hit her and that her tooth had been chipped. An officer who responded to the hotel and met with Mallory also testified that Mallory told him that Lopez had hit her and that she suffered a chipped tooth when he hit her. The officer testified that he observed and photographed the chipped tooth. The officer also testified that he photographed Mallory's injured eye. We conclude that this evidence was sufficient to sustain both of Lopez's convictions for battery, family violence.

*(b) Family Violence Simple Battery*

11

A person commits the offense of simple battery when he or she either: (1) Intentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) Intentionally causes physical harm to another. When a person commits the offense of simple battery against a spouse, child or other family member, the offense constitutes family violence simple battery.

(Citations omitted.) *Onyekwe v. State*, 332 Ga. App. 267, 268 (1) (772 SE2d 64) (2015).

Here, Count 3 of the accusation alleged that Lopez committed family violence simple battery by striking Mallory's leg. Count 4 of the accusation alleged that Lopez committed family violence simple battery by grabbing Mallory by the throat. The State presented evidence from an officer who testified that Mallory told him that Lopez hit her legs and that he held her down with his hands around her neck. We conclude that this evidence was sufficient to sustain both of Lopez's convictions, and therefore the trial court properly denied Lopez's motion for new trial on this basis.

4. Lastly, Lopez argues that the trial court erred by failing to merge three of his convictions into one conviction for family violence battery. We agree.

"Whether offenses merge is a legal question, which we review de novo." (Citation and punctuation omitted.) *Fordham v. State*, 352 Ga. App. 520, 526 (3) (835 SE2d 360) (2019).

The doctrine of merger precludes the imposition of multiple punishments when the same conduct establishes the commission of more than one crime." (Citation omitted.) *Fordham*, supra, 352 Ga. App. at 526 (3). "For separate offenses charged in one indictment to carry separate punishments, they must rest on distinct criminal acts. If they were committed at the same time and place and were part of a continuous criminal act, and inspired by the same criminal intent, they are susceptible of only one punishment." (Citations omitted.) *Lucas v. State*, 328 Ga. App. 741, 742-743 (1) (760 SE2d 257) (2014).

Here, Count 1 charged Lopez with family violence battery based upon his act of chipping his wife's tooth, Count 2 charged Lopez with family violence battery based on his wife's swollen eye, Count 3 charged Lopez with family violence simple battery based on Lopez's act of striking his wife's leg, and Count 4 charged Lopez with family violence simple battery based on Lopez's act of grabbing his wife by the throat. In Mallory's statements to police about the incident, she said that she and Lopez had been fighting, and that during the fight Lopez hit her legs, grabbed her by

13

the arms, and pushed her down on the bed. She also said that Lopez "held her down by the top of her chest to her throat" and that he then hit her in the face. Mallory also told another witness that she suffered a chipped tooth during the fight. Therefore, although Mallory suffered different injuries for each battery and simple battery offense, because the offenses were part of a continuous criminal act, committed at the same time and place and inspired by the same criminal intent, the trial court erred by failing to merge Lopez's convictions for Count 2, Count 3, and Count 4 of the indictment into his conviction for Count 1. See *Gomez v. State*, 301 Ga. 445, 455-456 (4) (b) (801 SE2d 847) (2017) (holding that defendant's convictions for two counts of aggravated assault merged where, although one count was based on hemorrhages of the victims eyes and brain and the other was based on the victim's skull fracture, there was no evidence of a "deliberate interval" but were instead a part of the same continuous act); *Thompson v. State*, 291 Ga. App. 355, 360-361 (5) (662 SE2d 135) (2008) (holding that two counts of battery, one for hitting the victim in the mouth and one for hitting the victim in the eye, merged into one where there was no evidence of "two completed exchanges separated by a meaningful interval of time or with distinct intentions").

In sum, although we affirm the jury's verdicts, the trial court erred by failing to merge Lopez's convictions and we therefore vacate the convictions of family violence battery (Count 2), family violence simple battery (Count 3), and family violence simple battery (Count 4), and we remand the case to the trial court for resentencing.

*Judgment affirmed in part and vacated in part and case remanded for resentencing. Mercier and Coomer, JJ., concur.*

15